## NALL *v.* KELLEY.

## Opinion delivered October 11, 1915.

1. IMPROVEMENT DISTRICTS—MUNICIPAL CORPORATIONS.—The provision of the Constitution with reference to improvement districts entirely inside of cities and towns has no application to districts covering territory not wholly within the limits of a municipality.

2. ROAD DISTRICTS—INCLUSION OF PART OF A TOWN STREET.—A statute authorizing the formation of a road improvement district to construct a highway which will include a street in an incorporated town does not invade the jurisdiction of the municipality.

3. ROAD DISTRICTS—COUNTY HIGHWAY—JURISDICTION OF MUNICIPALITY AND COUNTY COURT.—It is within the power of the Legislature to authorize the property owners to improve a street or highway, either inside or outside of a municipality, without invading the jurisdiction of either the municipality or the county court.

4. ROAD DISTRICTS—ROUTE—DESCRIPTION.—The route described in an act creating a road improvement district held properly described.

5. ROAD DISTRICTS—CONSTRUCTION—MATERIALS—POWER OF BOARD.—The Legislature may confer upon a board of improvement of a road district, plenary power in the matter of selecting the materials to be used, as well as forming plans for the improvement.

6. IMPROVEMENT DISTRICTS—POWER OF BOARD—APPOINTMENT OF ASSESSORS.—Act 48, p. 136, Acts 1915, creating a road improvement district in Grant County provided that after the board shall have formed plans for the improvement and ascertained the cost thereof, if they deem it expedient to make said improvement, they shall appoint three electors of the county, who shall constitute a board for the assessment of the benefits to be received. *Held,* the provision of the act does not amount to a delegation of legislative authority, but that it comes within the rule, that, while the Legislature can not delegate power to make laws, it can make a law to delegate the power to determine some facts or state of things, upon which the law makes or intends to make its own action depend.

7. IMPROVEMENT DISTRICTS—FORMATION—DETERMINATION OF EXPEDIENCY. —The Legislature may, by either a general or special statute, create a tribunal, consisting of members of the board of improvement, to determine the feasibility of the improvement to be undertaken before unnecessary expense is incurred.

8. IMPROVEMENT DISTRICTS—COMMISSIONERS—COUNTY HIGHWAY.—The Legislature may include a town within the limits of a county road improvement district, and the owner of land within the town is qualified to act as a commissioner of the district.

9. IMPROVEMENT DISTRICTS—COMMISSIONERS—OATH OF OFFICE.—The members of the board of improvement of an improvement district, are not officers within the meaning of Art. 19, section 20, of the Constitution of 1874, requiring public officers to take and subscribe to a certain oath before entering upon the discharge of the duties of their office.

Appeal from Grant Chancery Court; *J. P. Henderson,* Chancellor; affirmed.

*Thomas E. Toler,* for appellant..

1. That provision of the Act under which the commissioners are attempting to establish and construct the road through the town of Sheridan without first obtaining the consent of the land owners in said town is in direct conflict with the State Constitution, Art. 19, Sec. 27. See also 71 Ark. 556; 59 Ark. 116; Kirby's Dig., § 5665.

By section 8 of the Act it is provided that the board of commissioners shall ascertain the cost of the improvement and the plans of the same, and then, if they deem it expedient to make the improvement, they shall appoint three electors to assess the benefits, etc. The assessors had no plans before them, at the time they made the assessments, as appears by the agreed statement of facts. They had no sufficient information upon which to base the assessment of benefits. It is merely shown that they distributed the cost and did not assess according to benefits. 48 Ark. 370; 69 Ark. 76-78; 71 Ark. 21-27; 172 U. S. 269; 72 Ark. 119; 81 U. S. 324; 149 U. S. 30; 37 L. Ed. 637; 59 Ark. 513; 96 Ark. 416; 50 Ark. 116; Cooley on Taxation (2 ed.), 638, note 3, 639, 661.

1. One of the commissioners is not the owner of any property within the district outside of the town of Sheridan. This would disqualify that commissioner, in as much as the Act provides that all the commissioners shall be property owners within the district.

3. The assessments are illegal and void because they are not uniform and equal.

The total assessment for the district according to the tax book is seven hundred and fifty thousand dollars, and the assessments of benefits for the whole road is three hundred and twenty thousand dollars,—nearly half of the assessed value of the property. This is unequal and unjust. 64 Ark. 555; 70 Ark. 549; 89 Ark. 517.

4. The complaint alleges that the property owners were given no notice of the intention to introduce this special act, nor had they any knowledge of its drastic provisions. This court has held that notice shall be given to owners of land within the district, and failure to give such notice renders the act inoperative. 86 Ark. 231; 36 Ark. 172; 48 Ark. 370.

It alleges further that conditions do not justify the establishment of the road and the benefits purporting to be derived therefrom do not justify the excessive taxation and cost that would be incurred.

"When the assessments of benefits. are arbitrary and without any foundation in justice and reason, the court will review the same." 85 Ark. 12; 89 Ark. 513.

5. Under the provisions of the act the commissioners are not required to take the oath and enter into bond for the faithful performance of their duty, which is contrary to the Constitution and against public policy. Art. 19, Sec. 20, Const.; 71 Ark. 17.

In a supplemental brief appellant contends:

6. Section 8 of the act gives to the commissioners the power to form the plan of improvement, and in this respect the act is void, being a plain delegation of legislative authority. The Legislature cannot delegate power to legislate. 33 Ark. 69; 37 Am. Rep. 151, 152; 135 Cal. 466; 67 Pac. 755; 87 Am. St. Rep. 122; 56 L. R. A. 733.

The words "form" and "create" are synonymous, and to give the commissioners power to form plans of the improvement, gives them power to *create* a plan of the improvement, and not a power to determine some facts or state of things upon which the law makes its

action depend. 59 Minn. 182; 60 N. W. 1095; 63 N. W. 241; 69 Minn. 187.

7. The proposed road runs through the town of Sheridan. The improvement of that part of the road would amount to taking charge of and improving a street of an incorporated town without first obtaining the consent of the property owners within the town, contrary to the Constitution and laws of the State. Art. 19, Sec. 27 Const.; Kirby's Dig., § § 5664, 5665; 102 Ark. 560.

*Coleman & Gantt,* for appellees.

1. Appellant's contention that the assessment of benefits in the district is illegal and void for the reason that the assessors were not familiar with the plans and specifications of the improvement before doing their work, is not borne out by the record. The evidence shows that the assessors were fully informed as to the plans and specifications, as well as the cost of the improvement before doing their work. Moreover, the declarations of one of the assessors are not competent evidence to impeach the assessment. 43 Ill. 285; 22 N. E. 816; 130 Ill. 323; 168 Ill. 162; 48 N. E. 38.

2. The contention that one of the commissioners is disqualified because he does not own any property in the district outside of the town of Sheridan is not supported by the proof. He has introduced no evidence to prove this statement.

3. There is no evidence in the record to show that the assessments are illegal and void for the reason that they are not uniform and equal and not imposed equally upon all standing in like relation.

4. Neither is there any evidence to support the allegation that the assessments were made without notice to the land owners. But it has been decided by this court that it has nothing to do with the policy or expediency of legislation of this character so long as such enactments do not violate the Constitution, and that it has no jurisdiction to grant relief upon general allegations that it is drastic, neither wanted nor needed and will be a burden upon the property owners. 112 Ark. 437.

5. The appointment of the commissioners with authority to construct the road if they deem it expedient, is not a delegation of legislative power. This court has held that while the Legislature has no authority to delegate power to make laws, it has authority to delegate power to determine some fact or state of things upon which the law shall depend. Many things upon which wise and useful legislation must depend, cannot be known to the law making power, and must, therefore, be a subject of inquiry and determination outside of the legislative body. 72 Ark. 206; 103 Ark. 452; 104 Ark. 425; 106 Ark. 151; 36 Ark. 69; 1 Ohio St. 77; 90 N. E. 881-888; 129 Pac. (Col.) 506-513-514; 50 So. 543; 110 C. C. A. 67, cases cited; 83 Atl. 1036, 1051; 56 So. 461, 464, 465; 105 Wis. 363; 123 N. W. 961, 964, 965.

6. There is no merit in the contention that the act is void because the road runs through the town of Sheridan, and that the improvement thereof without ascertaining the wishes of the land owners of the town is contrary to the Constitution, etc. There is nothing to show that this is an urban improvement. It is in fact not an urban improvement, although, perforce, it runs through the town in order to avoid a breach of continuity of the road to be improved. Such being the case it is not necessary first to obtain the consent of a majority in value of land owners of the town. 99 Ark. 100; 97 Ark. 322; *Cox* v. *Road Improvement District,* 118 Ark. 119.

Art. 19, section 27 of the Constitution is applicable solely to local improvements in cities and towns. That part of the road extending through the town does not partake of the nature of a local improvement. 118 Ark. 119; 99 Ark. 100; 90 N. E. 881, 888.

7. There is nothing in the Constitution that requires commissioners of improvement districts to take an oath of office. The Legislature in the enactment of such laws may dispense with that requirement if it sees fit. 71 Ark. 17, 25.

McCULLOCH, C. J.   The Legislature at the 1915 session enacted a special statute creating a road improvement district in Grant County (Act 48, p. 136, Acts 1915), embracing a considerable portion of lands of that county and authorizing the board of commissioners to improve a certain public road known as the Pine Bluff, Sheridan and Hot Springs road. That road runs clear across the county and passes through the incorporated town of Sheridan. The statute provides a complete scheme for the organization of the district, the formation of plans for the improvement, the assessment of benefits, and for the construction of the improvement and enforcement of payment of the improvement tax.

It appears from the allegations of the complaint in this action that the board of improvement has effected an organization in accordance with the terms of the statutes and are attempting to carry out the provisions of the statute. This is an action instituted by a property owner in the district to enjoin the board from proceeding with the construction of the improvement, the levying of assessments and the issuance of bonds. The cause was heard upon an agreed statement of facts and the depositions of witnesses, and the chancellor, on a hearing of the cause, dismissed the complaint for want of equity.

The complaint in the case seems to have been framed so as to constitute an assault upon the validity of the whole statute, section by section, and all of the proceedings of the board, but we must treat as abandoned all of the assaults except the ones that are made in the briefs of counsel filed in this court.

(1) In the first place it is contended that the act is void because it includes property in an incorporated town without obtaining the consent of the majority in value of the property owners. This contention may be disposed of by merely citing several of our decisions where we held that the provision of the Constitution with reference to improvement districts entirely inside of cities and towns has no application to districts covering

territory not wholly within the city limits of a municipality. *Butler* v. *Board of Directors of Fourche Drainage District,* 99 Ark. 100; *Alexander* v. *Board of Directors of Crawford County Levee District,* 97 Ark. 322; *Cox* v. *Road Improvement District,* 118 Ark. 119.

(2-3) It is also contended in this connection that the statute invades the jurisdiction of the municipality by authorizing the improvement of a highway which constitutes one of the streets therein. In the case of *Cox* v. *Road Improvement District, supra,* we expressly pretermitted any discussion of that question for the reason that none of the improvements involved in that case were to be made within the corporate limits of the town of Keo, though the property in the town was to be assessed. It is very plain, however, that the inclusion of a street is not an invasion of the authority and jurisdiction of a municipality for the reason that the purpose of this statute is merely to provide for improving the street and not to take away from the municipality the control thereof. This question is ruled by the case of *Pulaski Gas Light Co.* v. *Remmel,* 97 Ark. 318, where we decided that an urban improvement district formed under the general statutes of the State acquired no control over streets except for the purpose of making the improvement. The principle is the same whether the improvement district has been created in a city or town under the general statutes or whether by a special statute creating a road improvement district embracing property both in and outside of a city or town. It is clearly within the power of the Legislature to authorize the property owners to improve a street or highway, either inside or outside of a municipality, without invading the jurisdiction of either the municipality or the county court. We have held that the Legislature may create improvement districts authorizing the improvement of public highways, and that such proceeding does not invade the jurisdiction of the county court. *Road Improvement District* v. *Glover,* 89 Ark. 513. Our conclusion therefore is that there is no basis for the con-

tention that the act is void on either of the grounds just stated.

(4-5)   Section two of the act describes the road by name as "the Pine Bluff, Sheridan and Hot Springs Road," and also specifically describes the route along which the road runs. Then follows the provision that the improvements "are to be made on the road as now laid out by the county court in Grant county, or substantially on this line, the nature of the improvements and any change in the line of said road to be approved by the county court of Grant county, Arkansas." That section also provides that the improvement "is to be constructed of macadam or of such other material as the commissioners may deem best." There is no basis for the contention that the description of the route is too uncertain, for the act does not authorize any substantial deviation from the particular line described. Whether a substantial deviation under those provisions would invalidate the proceedings, we are not called on to decide, for it is plain that only slight deviations are authorized and those are to be approved by the county court. Nor is it necessary for us to determine how far the board of commissioners may deviate from the specifications as to the material to be used and how far they could go in adopting other material not of the same general character as that which is used in constructing a macadam road. There appears to be no valid reason why the Legislature cannot confer upon a board of improvement plenary power in the matter of selecting the materials as well as forming the plans for the improvement. What we said in the recent case of *Cox* v. *Road Improvement District, supra,* about the necessity for certainty in the specification of the character of the improvement, does not apply, for the reason that there is no requirement in this statute for a petition of landowners, and therefore a legislative specification of the character of improvement is not necessary. Nor does the decision in *Swepston* v. *Avery,* 118 Ark. 294, 177 S. W. 424, have any bearing here, for the reason that the statute

in that case provided for an arbitrary assessment of benefits in proportion to the value of the land, whereas in the present case the governing statute authorizes an assessment of benefits based upon the character of the improvement after it has been determined upon.

(6)　Section eight of this statute provides that after the board shall have formed plans for the improvement and ascertained the cost thereof, "if they deem it expedient to make said improvement, they shall appoint three electors of the county, who shall constitute a board for the assessment of the benefits to be received," etc. This provision is not found in any statute which has come before this court for review, and presents a new question. It is contended that the provision constitutes a delegation of legislative authority to the board of improvement. After careful consideration of the question, we are, however, of the opinion that the provision does not constitute a delegation of legislative authority, but that it comes within the rule announced by this court that while the Legislature cannot delegate power to make laws, "it can make a law to delegate the power to determine some facts or state of things upon which the law makes or intends to make its own action depend." *Boyd* v. *Bryant,* 35 Ark. 69.

This statute, it will be observed, is completely put in force by the Legislature, and nothing is left to the board so far as completing the enactment. It only delegates to the board the authority of determining the extent to which the proceedings may go towards the construction of the improvement. The improvement district itself is created by the statute and the board of improvement is named for the purpose of carrying out the provisions of the statute. The board is clothed with complete authority, not only to perform the preliminary acts but to construct the improvement and assess benefits and collect taxes, etc. There is a mandatory direction to the board to organize itself by the election of officers, and to employ engineers and form plans for the improvement. At this point the board is authorized, before incurring

further expense, to determine whether or not it will be expedient to make the improvements; and this is not a delegation of legislative authority, but power to ascertain the fact whether or not the plan for the improvement is feasible and shall be consummated. Of course, there is a further limitation upon the power of the board to proceed, in that the benefits must be ascertained to be equal to the cost of the improvement. But it was the purpose of the lawmakers to provide for an ascertainment by the board in advance of the assessment of the benefits whether or not the plan to construct the improvement is feasible, or, to use the exact language of the statute, to determine whether or not it is "expedient to make said improvement."

(7) Counsel for defendants have cited many cases on their brief which sustain the view that this is not a delegation of legislative authority. The true test, approved by many courts in accord with the rule announced by this court in *Boyd* v. *Bryant, supra,* is stated by the Supreme Court of Ohio in *Cin., Wilmington & Zanesville Railroad Company* v. *Commissioners,* 1 Ohio State 77, as follows: "The true distinction is between the delegation of power to make the law, which necessarily involves the discretion as to what it shall be, and conferring authority or discretion as to its execution to be exercised under and in pursuance of the law. The first can not be done. To the latter no valid objection can be made." The drainage laws of this State constitute the county court as the tribunal for determining the expediency of such an improvement in a given locality, and we can see no reason, from the standpoint of constitutionality, why the Legislature can not create, even in a special statute, a tribunal, consisting of the members of the board of improvement, to determine the feasibility of the improvement to be undertaken before unnecessary expense is incurred. It is not essential that the lawmakers themselves shall first determine the feasibility of the improvement. The passage of the statute presupposes a legislative determination as to the necessity

for the improvement, or at least as to its desirability, but there is no reason why the lawmakers should not delegate to a special tribunal the further authority of determining its expediency before incurring considerable expense towards its construction. The statute therefore is not open to the objection that it constitutes a delegation of legislative authority.

(8) There is also a contention that the proceeding is void because one of the commissioners named is not the owner of property except inside the town of Sheridan. There is no force in that objection, even if the act required the commissioners to be landowners, for, as we have already said, it was within the power of the legislature to include the town within the limits of the district, and if a commissioner owned land inside of the district he was qualified. The statute, it is true, provides that commissioners who are to succeed those named in the statute at the expiration of their terms, shall be property owners within the district; but the statute names certain individuals who are to constitute the first board of improvement, and there is no specification as to their qualification. Therefore, the question cannot arise whether or not they are property owners.

(9) Nor is there anything in the contention that the act is void because it fails to provide for the commissioners to take an oath of office. The statute is silent on that subject, though it contains an express provision that the commissioners "shall organize by electing one of its members as president and by electing a secretary and treasurer." The members of the board are not officers within the meaning of the provision of the Constitution (art. 19, sec. 20), requiring all officers, both civil and military, to take and subscribe to a certain oath before entering upon the discharge of the duties of their office; but if it were to be held that that provision did apply, there is nothing in this statute in conflict with it, even though it contains no requirement for taking the oath. If the commissioners were public officers, it would be their duty to take the oath in con-

formity with the Constitution, without any express provision of the statute to that effect.

Finally it is urged, with considerable earnestness, that the evidence shows that the assessment of benefits is invalid on account of the lack of uniformity, and for other reasons. The case was, as before stated, tried upon an agreed statement of facts and the depositions of witnesses. The depositions of two of the assessors were taken, and it appears that they exercised their judgment fairly and that the state of the proof is such that we can not say that the assessments are unreasonable or that they lack uniformity. It is contended further that according to the statement made by one of the assessors, they made their assessment without any reference to the cost of the improvement and without having the plans before them. It appears, however, from a preponderance of the testimony in the case that the plans for the improvement had been formed before the assessment was made, and that those plans were laid before and considered by the board in making the assessment. In other words, the preponderance of the testimony is against the contention of appellants on the issue made concerning the validity of the assessment.

This disposes of all the attacks made here on the validity of the statute, and of the proceedings, and it follows from what we have said that the decree of the chancellor dismissing the complaint for want of equity should be affirmed. It is so ordered.