CONWAY v. MILLER COUNTY HIGHWAY & BRIDGE DISTRICT

Opinion delivered October 2, 1916.

IMPROVEMENT DISTRICTS—HIGHWAY AND BRIDGE DISTRICT IN MILLER COUNTY.—Act 153, p. 617, Acts of 1915, approved March 5, 1915, laying off and establishing a part of Miller County into a public Highway and Bridge District for the construction of public highways from the city of Texarkana to certain localities in the county and for the construction of a public bridge across Red River, *held* valid; that said district was not invalidated because it provided for the construction of several roads, since the same emanated from a common point and connected in the city of Texarkana, nor because it provided for the construction of a bridge across Red River into Hempstead County.

Appeal from Miller Chancery Court; *Jas. D. Shaver*, Chancellor; affirmed.

*William H. Arnold*, for appellant.

1. The legislature has attempted to give jurisdiction and control to the commissioners over such public roads as they may select not exceeding 60 miles in length, etc. This attempt is in conflict with § 28, Art. 7, Constitution. It is an usurpation of the jurisdiction of the County Courts. 89 Ark. 513; 118 *Id.* 294.

2. The five roads and bridges do not constitute a single improvement. No such "roving" commission can be created legally. 118 Ark. 294; 118 Ark. 119. See also the former decision in 120 Ark. 510.

3. Treating the act as constituting a single district the cost including the bridges, exceeds 15 per cent. of the assessed value of real property in the district. 120 Ark. 510.

4. The act is unconstitutional because it gives the commissioners power to lay out roads, condemn right of way and build a bridge beyond the center of the channel of Red River, or in Hempstead County. Further, the act forbids the opening, paying out and construction of any roads that shall not be taken over by Miller County Court, when a part at least is in Hempstead County, and is an attempt to take away the constitutional rights of said county over its own roads and bridges.

*Rose, Hemingway, Cantrell, Loughborough & Miles,* also for appellant.

1.   Two or more roads, having no connection with one another and serving entirely different territory, cannot be combined into one improvement.   118 Ark. 294;  176 S. W. 676.

2.   All property directly benefited must be embraced within the district.   48 Ark. 251, 370;  119 *Id.* 203.

*M. E. Sanderson,* for appellee. ·

1.   The act is not unconstitutional.   92 Ark. 93; 96 *Id.* 416;  103 *Id.* 533;  104 *Id.* 425.

2.   The five roads connect and form a single district. 97 Ark. 330;  108 *Id.* 419.   It does not invade the jurisdiction of the county courts.   96 Ark. 417;  104 *Id.* 427; 50 Minn. 248;  52 N. W. 858.

3.   Counties and towns are but subdivisions of the State.   The legislature is supreme, subject only to the limitations of the constitution.   28 Ark. 329;  33 *Id.* 497; 37 *Id.* 339;  56 *Id.* 138;  99 *Id.* 103;  118 *Id.* 304.

4.   It was lawful for the legislature to give authority to the commissioners to go beyond the confines of the district and extend the bridge into another county, as an outlet.   103 Ark. 272.

5.   In reply to points made in brief of Rose, Hemingway, Cantrell, Loughborough & Miles cites 114 Ark. 328; 59 *Id.* 528;  96 *Id.* 410;  52 *Id.* 107;  67 *Id.* 37;  110 U. S. 558;  102 *Id.* 69;  23 Conn. 416;  130 Mass. 528;  68 Conn. 131.

McCULLOCH, C. J.   This suit involves an attack on the validity of a special statute enacted by the General Assembly of 1915 (Act No. 153, Session of 1915, page 617) creating an improvement district known as the Miller County Highway & Bridge District, and it also calls in question the validity of the proceedings under said statute. The same case was here on a former appeal, where we held that the improvements of the highways and the construction of the bridge mentioned in the statute constituted a single improvement, so as to fall within the limitation to

the effect that the cost of the improvement shall not exceed fifteen per centum of the assessed valuation of real property in the district. That question was raised by demurrer to the complaint, and we reversed the decree with directions to overrule the demurrer. 120 Ark. 510.

When the case was remanded, an answer was filed which raised an issue concerning the point decided here on the former appeal, and on the final hearing of the cause the chancellor found that the cost of the whole improvement, treating as a unit the cost of improving the highways and construction of the bridge, would not exceed the percentage of assessed value mentioned in the statute. Another appeal has been prosecuted to this court, and after reviewing the evidence we are of the opinion that the chancellor was correct in his findings. There are however, other questions raised on the appeal.

Section 2 of the statute, which prescribed the powers of the district, reads in part as follows: "Said district shall have the power to construct and maintain sixty (60) miles of free public highways of such material as it may deem best, leading from the City of Texarkana to such point on the Red River between Fulton and Index, at which it may deem desirable and suitable to construct a bridge over and across said Red River in connection with the plan and system of such highways, and at such point so selected on Red River, said district shall have power to construct and maintain a free public bridge in connection with said highways over and across said Red River, and within the boundaries of the territory constituting said district in Miller County, and said district shall have the power to construct and maintain other free public highways in connection with the highway leading to said bridge, in the territory of said district, of such material as it may deem best, leading from the City of Texarkana to such other points and localities in said territory to which it may deem desirable and best calculated to serve the best interests of the people as a whole in said territory, but not to exceed in the aggregate in connection with the highway to said bridge, sixty (60) miles in length."

The statute described the boundaries of the district, which constitutes about one-third of the territory of the county, and it appears from the pleadings and proof that plans have been made by the board of commissioners to construct roads not exceeding sixty miles in length, the principal road being one running East from the city of Texarkana to the location of the bridge on Red River, which forms the boundary between Miller and Hempstead counties. Another branch of the road runs North from Texarkana to the river, and there are other roads running out from these two main stems.

It is contended that the authority conferred by the statute upon the board of commissioners constitutes an encroachment upon the jurisdiction of the county court as held by this court in the case of *Swepston* v. *Avery*, 118 Ark. 294. The distinction between the statute condemned in *Swepston* v. *Avery* and the statute now under consideration is obvious, and the decision in that case is not controlling in the present. That statute constituted substantially the whole of Crittenden County into a road district, and authorized the board of commissioners to improve any road or roads in the county which they might select, and imposed the cost thereof upon the lands in the district in proportion to the assessed value. It did not provide for assessment of benefits to arise from the construction of any particular road, but constituted a legislative determination that the benefits from any road would accrue to all the lands in the district in the same proportion. We said that the statute attempted to confer an authority which constituted an invasion of the jurisdiction of the county court, and that it was necessarily an erroneous determination concerning the accrual of benefits.

The statute now before us is not nearly so comprehensive in its terms as the one dealt with in the former case. In the first place, the Miller County District only includes about one-third of the county, and the statute provides for an actual assessment of the benefits to accrue from the improvement of any of the roads which the board may select to improve. The act does not attempt to determine the ratio of benefits that will accrue, but on

the contrary authorizes a proceeding to ascertain the actual benefits.

Nor does the statute fall within the objections sustained by this court in the recent case of *Cox* v. *Road Imp. Dist. No. 8 of Lonoke County*, 118 Ark. 119, as contended by counsel for appellant.  Counsel assail that portion of the statute which authorizes the board of improvement to select the roads to be improved, and say that this gives a roving commission which was condemned in the case just referred to.  An examination of the opinion in that case discloses the fact that we were dealing with a statute which authorized the county court, on the petition of property owners, to form improvement districts, and in construing that statute we said that it was contemplated that the petition of the property owners should specify the roads to be improved, and that the petition in that case was void because it contained no such specification.  The statute now being considered, however, creates a district and confers upon the board the authority to select the route to be adopted.  Therefore it does not fall within the objection made in the Cox case.  It was not beyond the power of the legislature to delegate to the board authority to select a particular road to be improved. *Nall* v. *Kelley*, 120 Ark. 277.  Nor does it attempt to take away from the county court any of the jurisdiction conferred by the constitution. *Parkview Land Co.* v. *Road Imp. Dist. No. 1*, 92 Ark. 93.

It is also contended very earnestly that the road selected by the board of commissioners to improve does not constitute a single improvement.  In answer to that contention we say, in the first place, that much deference should be paid to the judgment of the Legislature in prescribing the boundaries of the district, and to that of the board of commissioners in exercising the authority conferred upon it in selecting the roads to be improved; and, bearing that in mind, we are unable to say that the roads are not sufficiently connected to form a single project.  The roads are in fact connected with each other, one of the principal roads running East from Texarkana and the other running North. The other roads are merely

laterals running out from those two. In *Nall* v. *Kelley*, *supra*, we upheld a district which authorized the construction of a road running entirely through Grant County, and we see no distinction in the present case because the roads, instead of forming a continuous line, form an angle at the city of Texarkana. These roads traverse the same section of the county and run to the common center at the city of Texarkana. It will doubtless be found, when it comes to the assessment of benefits, that all the lands in the district are not benefited by these roads in the same proportion, but it does not necessarily follow on that account that the roads are not sufficiently joined together to constitute a single improvement. We cannot, therefore, say that the chancellor was not correct in finding that these roads did in fact constitute a single improvement so as to come under the authority conferred by the statute.

The last objection urged to the validity of the proceedings is that the bridge to be built spans a river which constitutes the boundary between two counties, and that the lands in Hempstead County which may be benefited are not included in the district. It is contended that the failure to include the lands in Hempstead County constitutes a discrimination against the owners of land in Miller County, and thus destroys the uniformity of the assessment to defray the cost of the improvement. In the very nature of things there must be a limit to the boundaries of a district, and some authority must be conferred to determine where those limits shall be. For instance, in a street paving district, while it is known that there is some benefit not only to the property beyond the limits of the district but also to the public at large, yet the cost is assessed upon the property contiguous thereto, which enjoys a peculiar and special benefit. *Little Rock* v. *Katzenstein*, 52 Ark. 107; *Washer* v. *Bullitt County*, 110 U. S. 558.

The Legislature necessarily determined, in passing this statute, that there was not sufficient benefit to accrue to the lands of Hempstead County to justify the taxation of those lands for the cost of building the bridge, and we are unable to say that that determination is so far outside

of the range of real facts that it should be ignored. The fact that the bridge spans the boundary line of the county does not make an invasion of the jurisdiction of the county courts of either of the counties. The provision of the general statute providing for county line bridges to be built by the two counties places no restraint upon the power of the Legislature to create an improvement district for the construction of bridges of that kind. *Shibley v. Ft. Smith & Van Buren District,* 96 Ark. 410; *Board of Directors of Jefferson County Bridge District v. Collier,* 104 Ark. 425.

There is a section of the statute which provides that the county court of Miller County may take over the highways and bridge constructed by the district and maintain the same in the future. We do not undertake to decide whether this provision is valid so far as concerns that part of the bridge which extends into Hempstead County, as the question does not arise now and it does not affect the validity of the statute as a whole. It is left entirely optional with the county court of Miller County and the board of commissioners whether the authority thus conferred upon the county to take over the improvement shall be exercised. For that reason, this particular provision of the statute is not essential to the validity of the other provisions of the statute as a whole.

We conclude that the several attacks upon the validity of the proceedings are without foundation, and that the chancery court was correct in upholding the statute and the proceedings of the commissioners thereunder.

The decree is therefore affirmed.

HART and KIRBY, JJ., dissent.