PAYNE *v.* ROAD IMPROVEMENT DISTRICT No. 1 OF MARION COUNTY.

Opinion delivered December 22, 1919.

1. HIGHWAYS—STREETS AND ALLEYS.—The term "public highway" in its generic sense includes streets and alleys as well as rural roads, though it is not always so understood in the popular sense, and there is usually enough ambiguity in the use of the term to warrant examination of the context, wherever used, for the purpose of determining the precise meaning.

2. HIGHWAYS—SINGLE IMPROVEMENT.—2 Road Laws 1919, page 1631, creating Road Improvement District No. 1 of Marion County, intended to include the streets and alleys in three incorporated towns in the district, and is void for attempting to join together as a single improvement projects necessarily separate and distinct.

3. HIGHWAYS—IMPROVEMENT DISTRICT INCLUDING STREETS.—A road improvement district may properly include portions of the streets of towns which form a part of the general highway.

4. STATUTES—LOCAL STATUTES—NOTICE.—An express amendment to a local statute falls within the requirements of the Constitution with reference to notice of the introduction of bills for local statutes.

Appeal from Marion Chancery Court; *Ben F. Mc-Mahan,* Chancellor; reversed.

*Elmer O. Owens,* for appellant.

1. The act is unconstitutional, invalid and void, because it gives a roving commission to improve, build or repair any highway or any portion of a highway or road in the district, including the streets and alleys of three incorporated towns. There must be no uncertainty as to the highways to be improved. 115 Ark. 88; 86 *Id.* 21; 97 *Id.* 341; 116 *Id.* 167; 90 *Id.* 29; 118 *Id.* 123. The act attempts to join together as a single improvement projects which are necessarily separate and distinct.

2. It attempts to usurp the jurisdiction of the county court and invest it in a board created by the Legislature. Const., art. 7, sec. 28. It creates a perpetual commission to take over the entire roads and highways of the district, thereby taking away the jurisdiction of

the county court and municipal corporations. Const., art. 19, sec. 27.

*Williams & Seawel,* for appellees.

1. The act does not clothe the board with a "roving commission." The term "public highways" only refers to county roads and not to streets in incorporated towns but only to country roads. The act authorizes the improvement of all the public highways in the district legally established. None are omitted, and there is no uncertainty or indefiniteness. The commissioners are clothed with discretionary powers to select such public highways as they deem necessary and proper, but the Legislature had the plenary power to confer such authority. 125 Ark. 325-9; 120 *Id.* 277, 284. Section 11 prevents any inequality or injustice as to lands not to be benefited. 89 Ark. 513, 516.

2. The act does not deprive the county court of any jurisdiction over the roads in the district, nor is it contrary to or violation of article 7, section 28, of our Constitution. 120 Ark. 277; 89 *Id.* 513; 92 *Id.* 93; 130 *Id.* 507, 513.

3. Article 19, section 27, Constitution, is not violated nor is the jurisdiction of any municipal corporation over its streets and alleys in anywise violated. The facts that the three towns are included within the limits does not invalidate the act. 118 Ark. 119, 127; 99 *Id.* 100; 120 *Id.* 277. By the act there is a conclusive legislative determination that the improvement contemplated is single, and there is no showing that such determination is obviously and demonstrably erroneous. 130 Ark. 507; 125 *Id.* 325; 133 *Id.* 64; 209 S. W. 81; *Sallee* v. *Dalton,* 138 Ark. 549. The State in its sovereignty has full power over the streets of a town as well as public roads, and may confer the supervision and control on such agency as it deems best for supervision and control. 103 Ark. 529; 76 *Id.* 22. See also 92 *Id.* 93, 99; 97 *Id.* 318; 120 *Id.* 277.

Primarily, a statute should be construed according to the ordinary meaning of its words and their usual accepted meaning in common language. 102 Ark. 205; 97

*Id.* 38; 47 *Id.* 404. While true that the terms "road" and "highway" in a broad generic sense may include streets and alleys, there is no presumption that the Legislature so intended their use. Elliott on Roads and Streets, p. 16; 86 Mo. App. 572, 578.

The word "road" is now commonly used to denote a public way in the country rather than a street of a town. Elliott on Roads and Streets (2 Ed.), sec. 7; 155 N. Y. 23; 49 N. E. 246-7; 95 N. Y. 135.

A "street" is a highway, but a highway is not necessarily a street. 103 Ind. 349; 2 N. E. 803; 91 *Id.* 242, 247.

Streets of towns were not intended to be included in the act.. The rule of "*ejusdem generis*" should be applied here. 36 Cyc. 1119 (11); 104 Ark. 261; 101 *Id.* 593; 95 *Id.* 114. A reasonable construction should be placed on the act in order to uphold it. 66 Ark. 466; 56 *Id.* 485.

McCulloch, C. J. Appellee is a road improvement district created by a special statute enacted by the General Assembly of 1919, embracing certain territory in Marion County and for the purpose of improving the public highways in that district. Acts 1919, vol. 2, p. 1631. In the first section of the statute the boundaries of the district are designated by the description of the lands to be embraced therein, and the second paragraph of section 1 describes the roads to be improved as follows:

"That said road improvement district is hereby created and organized for the purpose of making improvements on the public highway leading from a point on Searcy County line where Road District Number One (1) of Searcy County intersects the Marion County line near Salgado, thence to Rush, thence to Yellville, and Summit, and thence following Ridge road by way of Lee's mountain to the Boone County line west of Dodd City, Arkansas, to build, improve, widen, straighten and repair all public highways within the boundaries of said district which have heretofore been dedicated as a public high-

way, by the county court of Marion County, or by the town council of the incorporated towns of Rush, Yellville, and Summit, and for that purpose shall have the right by its board of commissioners hereafter provided for to condemn right-of-ways for the purposes herein mentioned, to sue and be sued, to plead and be impleaded and to constitute a body politic, for the purposes of carrying out the intention of this act.''

Section 4 of the statute reads as follows:

"The said board of commissioners shall have, and they are vested with, power and authority, and it is hereby made their duty, to build, construct, maintain and repair said roads within said district, and all public highways therein as they deem necessary and proper, as herein contemplated, and in doing so shall expend all necessary sums of money authorized to be levied and collected under authority of this act, and as herein provided.''

The remainder of the statute, which contains 24 sections, outlines a comprehensive scheme for the construction of the improvements and for the levying of assessments on the benefits to real property in the district and the enforcement of such assessments, and also for the borrowing of money in advance to pay for the improvement. Authority is conferred for the appointment of assessors to "make an assessment of all benefits to be received by the lands in said district.''

Appellant is the owner of real property in the district, and instituted this action attacking the validity of the statute on the ground, among others, that in providing for the improvement of all the highways in the district, including the streets in the three incorporated towns, the Legislature had attempted to join together as a single improvement, projects which are necessarily separate and distinct.

The argument of counsel for appellee in seeking to sustain the validity of the statute is that the term "public highways" in the statute was not intended to refer to streets in incorporated towns, but referred only to country roads. It therefore becomes necessary in the first

place to construe the statute to determine what it meant
by its language describing the improvements to be made.

It is clear that the first part of the paragraph de-
scribing the improvement refers to an established public
highway beginning at a point on the line between Searcy
and Marion counties, near Salgado, and running north
to Yellville, the county site, and thence northwesterly to
a point on the boundary line between Marion and Boone
counties. This much of the description is clear and defi-
nite, and if there was nothing more in the statute there
would be no grounds for attack upon it. But the descrip-
tive words used with reference to the contemplated im-
would form a part of the general highway to be improved,
widen, straighten and repair all public highways within
the boundaries of said district which have heretofore been
dedicated as a public highway by the county court of
Marion County, or by the town council of the incorpo-
rated towns of Rush, Yellville, and Summit.''

Section 4 makes it the duty of the board of commis-
sioners ''to build, construct, maintain and repair said
roads within said district, and all public highways therein
as they deem necessary and proper, as herein contem-
plated.'' The term ''public highway'' in its generic sense
includes streets and alleys as well as rural roads (Web-
ster definition, ''highway''), though it is not always so
understood in the popular sense. *Texarkana* v. *Edwards,*
76 Ark. 22. There is usually enough ambiguity in the
use of the term to warrant the examination of the con-
text, wherever used, for the purpose of determining the
precise meaning, and when that is done in the present
case we think that it is clear that the framers of the stat-
ute meant to include the public streets of the three incor-
porated towns mentioned. If that was not the intention of
the lawmakers, no reference would have been made to the
dedication of public highways ''by the town councils of
the incorporated towns of Rush, Yellville and Summit.''
The word ''dedicated'' was not correctly used, but it is
clear that the framers of the statute meant by the lan-
guage used to refer to streets opened by authority of

the respective town councils of the incorporated towns mentioned as well as the country roads established as public highways by the county court. If streets and alleys had not been intended to be embraced there was no occasion whatever for making reference to highways "dedicated" by the town councils. It may be argued that the framers of the statute had in mind main thoroughfares through each of the incorporated towns which would form a part of the general highway to be improved, and that it was not necessary to designate this part of the highway which ran through the incorporated towns. There is much reason to believe this to be so. But, when it is conceded that any of the streets through any of these incorporated towns formed, under the language used, a part of the general public highway to be improved, then it necessarily follows from the other language of the statute that the improvement was not to be limited to those streets, but that all of the public highways, including streets and alleys, were to be improved. In other words, the same description which would embrace the particular streets forming a part of the general highway designated necessarily embraces all other streets and alleys in the towns.

We see no escape from the interpretation of the language used that it embraces all of the streets and alleys of the incorporated towns mentioned. This may have come about by inadvertence, but such is the only reasonable interpretation which can be given to the language used. Such being the proper interpretation of the statute, our conclusion is that it is invalid because it joins together as a single improvement the improvement of all of the streets and alleys of three different incorporated towns in the same county, but widely separated from each other.

We do not mean to hold that the inclusion of that portion of the streets of the towns which formed a part of the general highway to be improved would be invalid. Our previous decisions on that subject lead to the contrary. *Nall* v. *Kelley,* 120 Ark. 277; *Conway* v. *Miller*

*County Highway & Bridge District,* 125 Ark. 325; *Bennett v. Johnson,* 130 Ark. 507. But it is different where all of the streets and alleys of different municipalities are attempted to be grouped together as a single improvement. They are necessarily separate, and the improvement of the streets and alleys of one municipality as a whole cannot possibly inure to the benefit as a local improvement to the real property in another municipality distantly removed. It is an obviously demonstrable error to join them together as a single improvement to be constructed by a single assessment on all the property in the district. This statute only provides for one assessment of the benefits and that of the benefits arising from all of the designated improvements considered as a whole. Under the terms of the statute it is the duty of the board of assessors to assess the benefits of the whole improvement on the different pieces of real property in the district, and the assessments to pay for the improvements are to be levied on the benefits thus appraised. It necessarily follows that under this scheme the improvement in a given municipality would have to be paid for by contributions from assessments levied on property in the other municipalities as well as on the rural property. If we had a case where each of the improvements in the district were treated as separate ones, and authority was conferred to assess separately the benefits arising from each improvement, then it would be different, but here the necessary result from the proposed scheme is to levy assessments on all the property in the district to pay for improvements which are obviously distinct and separate.

We are of the opinion that this feature of the statute renders it invalid, and it is unnecessary to discuss the other grounds for attack on the validity of the statute.

At the recent special session of the General Assembly another statute was enacted correcting the defects in this one which we have discussed by omitting the general authority to improve all the highways in the district, but that statute was also invalid for the reasons stated in the case of *Booe v. Road Improvement District No. 4 of Prairie County, ante* p. 140.

An express amendment to a local statute falls within the requirements of the Constitution with reference to notice of the introduction of bills for local statutes.

Reversed and remanded with directions to enter a decree granting the prayer of the complaint.