STANFIELD v. ROAD IMPROVEMENT DISTRICT No. 2 OF CLEVELAND COUNTY.

Opinion delivered March 1, 1920.

1. HIGHWAYS—JURISDICTION OF COUNTY COURT.—Road Laws 1919, volume 2, No. 689, creating a road improvement district, does not infringe upon the jurisdiction of the county court, since it requires the approval by the court of the nature of the improvements and of any changes in the line of the road.

2. HIGHWAYS—CONSTRUCTION OF ACT.—The above act does not intend to authorize the building of a road beyond the boundaries of the district.

3. HIGHWAYS—IMPROVEMENT OF STREETS.—Road Laws 1919, volume 2, No. 689, providing for building a road from a certain point along a designated route to a certain town and on and along such streets thereof as the commissioners may select, authorizes the improvement of such street or streets only as supply a link in the road as it runs from the point selected as its terminus in the town.

4. HIGHWAYS—IMPROVEMENT OF STREETS.—The above act is not invalid for including a portion of the streets of a town as part of the general highway to be improved.

5.  HIGHWAYS—CONSENT OF LAND OWNERS.—Constitution, article 19, section 27, requiring as a condition to assessment for local improvements in a municipality that the improvement be based on the consent of a majority in value of the property owners, has no application to improvement districts not wholly within the city or town.

6.  HIGHWAYS — ASSESSMENTS EXCEEDING BENEFITS.—The contention that the assessments for a highway improvement will exceed the benefits is not available in a suit to enjoin the construction of the road, where the act creating the district provided for a subsequent hearing on that issue.

Appeal from Cleveland Chancery Court; *John M. Elliott,* Chancellor; affirmed.

*S. J. Hunt* and *Toney & Craig,* for appellant.

1.  The act is unconstitutional and void for many reasons. It conflicts with article 19, section 27, Constitution. It is unjust and arbitrary, as it includes a large territory it can not benefit and omits lands lying nearer and more contiguous, and the improvement is indefinite and uncertain. It also conflicts with article 7, section 28, Constitution. It usurps the jurisdiction of the county court. 89 Ark. 513; 92 *Id.* 93; 118 *Id.* 119; 118 *Id.* 294.

2.  It does not describe any road to be improved. 120 Ark. 277.

3.  It was not presented to the Governor within the time prescribed by law. 26 A. & Eng. Enc. L. 551; 18 Ind. 25; 6 So. Cas. 390. The act is void upon its face. The record shows the act was signed by the Governor 23 days after its passage. 71 Ark. 527; 10 R. C. L. 28.

*Chas. A. Walls* and *Rose, Hemingway, Cantrell & Loughborough,* for appellee.

1.  The legal presumption is that officers do their duty, and that the bill was duly presented to the Governor in time, and it is immaterial when he approved it, as it became a law at the end of 20 days in the absence of a veto. 147 U. S. 91; 44 Ark. 536; 75 *Id.* 120; 76 *Id.* 201; 5 *Id.* 559; 40 *Id.* 200-214; 27 *Id.* 278; 110 *Id.* 275; 131 *Id.* 291; 214 S. W. 2; 131 Ark. 295; 214 S. W. 2; 90 Ark.

603.  See also 75 Ark. 124; 71 *Id.* 727; 72 *Id.* 250; 83 *Id.* 448.

2.  Evidence to impeach an act must be found in the act itself or in the journals or official records of the Legislature or the Secretary of State.  120 Ark. 131.

*Rowell & Alexander,* for appellee.

We concur in the brief filed by our co-counsel, and will only cite in addition 71 Mo. 266; 175 Ala. 579.  See also 36 Cyc. 290; 26 A. & E. Enc. (2 Ed.) 551; 8 Minn. 366; 64 S. E. 845; 37 L. R. A. 391 and note.

SMITH, J.  This suit was brought to enjoin the construction of the road authorized by Act No. 689 of the Session Acts of 1919, and this appeal is from a decree of the chancery court dismissing the complaint filed for that purpose as being without equity.

It is first contended that the bill was not presented to and approved by the Governor within the time limited by the Constitution.  But the decision of that question is controlled by the opinion of this court in the case of *Rice* v. *Lonoke-Cabot Road Imp. Dist. No.* 11 *of Lonoke County, post* p. 454, in which case the decision is adverse to appellant's contention.

Other attacks against the act are directed to section 2 of the act, which reads as follows:

"Section 2.  Said district is hereby organized for the purpose of building a road, beginning at Calmer at an intersection with the Warren and Pine Bluff road; thence in a general westerly and northwesterly direction to Rison and on and along such streets in said town of Rison as the commissioners may select.

"The improvement to be made by said district are to be made on route designated in this act, or substantially along this route, the nature of the improvements and any changes in the line of said road to be approved by the county court of Cleveland County.

"Said road to be constructed of material selected by the commissioners and approved by the county court."

It is insisted that the act is void because it does not sufficiently designate the road to be improved, that it would be possible to build a road answering the designation contained in the act, a considerable portion of which would lie without the boundaries of the district as defined in section 3 of the act; that the act infringes upon the jurisdiction of the county court by authorizing the construction of new road; that the act authorizes the commissioners to improve any street, or all the streets, in the town of Rison, and, when so construed, an improvement is authorized which is too diverse to be constructed as a single district; and, finally, that the act is void for the reason that it deprives the officials of the town of Rison of the control of their own streets, and authorizes their improvement without requiring the consent of a majority of the property owners to be affected, in violation of article 19, section 27 of the Constitution.

It is recited in the act that "Said district is hereby organized for the purpose of building a road, beginning at Calmer at an intersection with the Warren and Pine Bluff road, thence in a general westerly and northwesterly direction to Rison." And it is conceded that there is an old established road running practically as described in the act. It is said, however, that the act does not require the improvement of this road, and that authority is conferred to improve a new and different one, and that if the road were to run south of west forty-four degrees for six miles, after leaving Calmer, it would then be without the district, and that it might then run northwest, or practically so, into Rison, leaving a large portion of the road without the district.

These fears appear, however, to be groundless. A survey of the road has been filed along with the plans of the district, and has been approved by the county court. It does appear that some changes in the existing road are made; but these were made for the purpose of shortening the road and otherwise improving it; but this action required the precedent approval of the county court, and, therefore, as we have frequently recently de-

cided, there is no invasion of, or infringement upon, the jurisdiction of the county court. Nor was there any legislative intent to authorize or require this district to construct and build a road lying without its boundaries.

We think the act does not authorize the improvement of all the streets of the town of Rison, or such portions of them generally as the commissioners may elect to improve, but that it authorizes the improvement only of such street or streets as supply a link in the road as it runs from the point selected. as its terminus in Rison. The language of the act is "on and along such streets in said town of Rison as the commissioners may select." We think this language means a projection or continuation of the road along such street or streets in the town of Rison as is necessary to reach the county courthouse, the point selected as the terminus, and was not intended to confer, and does not confer, upon the commissioners power to improve the streets of that town generally.

What we have said is not in conflict with our opinion in the recent case of *Payne* v. *Road Improvement District No. 1 of Marion County*, 141 Ark. 288. There the act provided that the district should "build, improve, widen, straighten and repair all public highways within the boundaries of said district which have heretofore been dedicated as a public highway by the county court of Marion County, or by the town council of the incorporated towns of Rush, Yellville, and Summit * * *."

Section 4 of the act there construed provided that "The said Board of Commissioners shall have and they are vested with power and authority, and it is hereby made their duty, to build, construct, maintain and repair said roads within said district and all public highways therein as they deem necessary and proper, as herein contemplated, and in doing so shall expend all necessary sums of money authorized to be levied and collected under authority of this act, and as herein provided."

We there said that section 4 made it the duty of the commissioners ''to build, construct, maintain and repair said roads within said district, and all public highways therein as they deem necessary and proper, as herein contemplated,'' and that the framers of the statute meant to include the public streets of the three incorporated towns mentioned. Having reached the conclusion there announced, that the act embraced all the streets and alleys of the three towns mentioned, we said the act was invalid, because it joined together as a single improvement the improvement of all the streets and alleys of three different incorporated towns in the same county, but widely separated from each other. But here only the streets in the town of Rison are embraced, and such streets only in that town are to be improved as are necessary to make a continuous, unbroken highway to the courthouse.

That case does, however, answer the argument that the act is void because it deprives the officials of the town of Rison of the control of their streets, for we there said: ''We do not mean to hold that the inclusion of that portion of the streets of the towns which formed a part of the general highway to be improved would be invalid. Our previous decisions on that subject lead to the contrary. *Nall* v. *Kelley,* 120 Ark. 277; *Conway* v. *Miller County Highway & Bridge Dist.,* 125 Ark. 325; *Bennett* v. *Johnson,* 130 Ark. 507.''

In answer to appellant's contention that the act violates section 27, article 19 of the Constitution, in that it does not require the consent of the property owners of the town of Rison for the improvement of the streets of that town, it may be said that the cases of *Bennett* v. *Johnson,* and *Nall* v. *Kelley, supra* (as well as the cases there cited), decide that the section of the Constitution mentioned has no application to districts covering territory not wholly within the limits of a municipality.

Appellant finally complains that his assessments will exceed his benefits. But that question is not before us for decision in this cause, as appellant will have his

day in court upon that issue when his assessments are
made by the assessors. Section 10 of the act contains a
provision for a hearing on that issue. *Bush* v. *Delta
Road Imp. Dist. of Lee County,* 141 Ark. 247.

No error appearing, the decree is affirmed.

HART, J. (dissenting). I dissent in this case on
the ground that the act is in conflict with article 19, sec-
tion 27 of the Constitution of the State of Arkansas,
which provides that nothing in this Constitution shall
be so construed as to prohibit the General Assembly
from authorizing assessments on real property for local
improvements in towns and cities under such regulations
as may be prescribed by law to be based upon the con-
sent of a majority in value, of the property holders own-
ing property adjoining the locality to be affected. *Nall*
v. *Kelley,* 120 Ark. 277; *Bennett* v. *Johnson,* 130 Ark.
507, and other cases are cited in support of the holding
that a portion of the streets of a town which are a part
of a rural highway may be included in an improvement
district to improve the highway. These decisions, how-
ever, do not give the commissioners the power to select
other streets which are not a part of the rural highway
and improve them. To do so would be in plain violation
of the section of the Constitution just referred to. The
majority opinion brings this case within those decisions
by construction. It certainly can not be done under the
language of the act.

Section 2 of the act defines the purpose of the dis-
trict as follows: "Said district is hereby organized for
the purpose of building a road, beginning at Calmer at
an intersection with the Warren and Pine Bluff road,
thence in a genral westerly and northwesterly direction
to Rison and on and along such streets in said town of
Rison as the commissioners may select." Road Acts of
1919, vol. 2, p. 2740.

The court construed this language to be a continua-
tion of the rural highway along such street or streets
in the town of Rison as is necessary to reach the county

courthouse, which it says is the point selected as the terminus of the road. Neither the commissioners nor the court have any power to thus restrict the plain meaning of the language of the act. It is true the commissioners selected the courthouse as the terminus of the highway, and only intend to improve the streets leading from the rural highway to the courthouse, but the act must be construed by its plain language, and not by what the commissioners have done. The act gives the commissioners power to improve such streets in the town of Rison as they may select. The words "such streets" have a plural reference, and under the plain language of the act the commissioners might improve other streets than a continuation of the rural highway to the courthouse. The act should be construed according to the plain and ordinary meaning of the words used instead of the construction placed upon them by the commissioners. In other words, the commissioners by merely improving the streets leading from the rural highway to the courthouse could not change the plain meaning of the words used by the framers of the act. The act must be construed according to the language used in it, and not according to the acts done by the commissioners, or the construction placed upon it by them.

Therefore, I think, when the words used in the act are given their plain and ordinary meaning, the act is in violation of the provisions of the Constitution above referred to.