COFFMAN *v*. ROAD IMPROVEMENT DISTRICT No. 6 OF
LAWRENCE COUNTY.

Opinion delivered June 3, 1918.

1. IMPROVEMENT DISTRICTS—APPEAL FROM ORDER OF COUNTY COURT APPROVING ASSESSMENT OF BENEFITS.—Under act of 1915, p. 1400, property owners may appeal from an order of the county court approving the assessment of benefits, by following the only requirement in the statute, namely, by filing an affidavit for appeal within ten days.

2. IMPROVEMENT DISTRICTS—APPEAL FROM ORDER OF COUNTY COURT.—Under act of 1915, p. 1400, establishing a road district, land owners have an absolute right of appeal, whether or not they appear at the hearing in the county court or not.

Appeal from Lawrence Circuit Court, Western District; *Dene H. Coleman,* Judge; reversed.

*Smith & Childers* and *Sloan & Sloan,* for appellants.

1. Under the Alexander act a land owner desiring to appeal is not required to procure either an order granting an appeal or an allowance of an appeal by the clerk. Acts 1915, § 14, Act 338 (K. & C. Dig., § 9120); *Id.,* § 9162. An affidavit for appeal was filed within the time allowed and a compliance with the general statutes as to appeal was not necessary. 127 Ark. 266; 103 *Id.* 209; 53 *Id.* 417; 68 *Id.* 130; 104 *Id.* 113, 118; 200 S. W. 792.

2. Appearance by the land owner and filing objections, etc., are not conditions precedent to the right of appeal. 101 Ark. 246; 94 *Id.* 572; 68 *Id.* 561-6; 44 *Id.* 56; 82 *Id.* 455; 58 *Id.* 39; 85 *Id.* 223. The trial in the circuit

court on appeal should be *de novo.* Kirby's Dig., § 1492, K. & C. Dig., § 1538, 1428, etc.; 33 Ark. 508, 515; 100 *Id.* 496-9; 200 S. W. 792; 90 Ark. 219; 117 *Id.* 4. See also 25 Ark. 489; 99 *Id.* 56; 3 C. J. 316, 318.

*Ponder, Gibson & Ponder,* for appellee.

1. Appellants did not obtain an order of court allowing an appeal, nor one from the clerk. 29 So. 282-4; 104 La. 648; Acts 1915, Act 338, § § 14-40, etc.; 104 Ark. 113-117, 119; 117 *Id.* 292; 107 *Id.* 329; Kirby's Dig., § 1487.

2. There was no appearance by appellants and they filed no objections to the assessment. 200 S. W. 792; Acts 1915, Act 338; § § 13, 14, 18, 40, etc. An order of appeal, appearance and filing objections were all necessary. The appeals were properly dismissed.

McCULLOCH, C. J. Appellants, forty-two of them in number, are owners of real property in a road improvement district formed in Lawrence County under a statute enacted by the General Assembly of 1915. Acts 1915, page 1400. They attempted to appeal from an order of the county court approving the assessments of benefits made by the assessors of the district, and the transcript was lodged in the circuit court, but that court dismissed the appeal.

Counsel for appellant defend the ruling of the court upon two grounds, viz., that the appellants did not obtain an order from the county court or from the circuit court allowing the appeal, and also that appellants were not entitled to appeal for the reason that they had not made themselves parties by appearing in the county court and filing written objections to the assessments made by the assessors. Section 13 of the statute referred to provides that when the assessors have completed the work of assessing benefits they shall certify the assessments to the board of commissioners and the board shall file the same in the office of the county clerk, who shall give notice by publication in a newspaper, and that on the date fixed by the court for hearings on the report of the assessors any person aggrieved by the assessments may appear before

the court for the purpose of having the assessments corrected, and that "grievances or objections to said assessment shall be presented to said court in writing."

Section 14 of the statute, giving the right of appeal, reads as follows:

"At the hearing provided for in the preceding section and after the county court shall have considered the assessment of benefits, it shall enter its findings thereon, either confirming the assessment of benefits against said property, increasing or diminishing same, and the order made by the county court shall have all the force and effect of a judgment against all real property in said district, and it shall be deemed final, conclusive, binding and incontestable except by direct attack on appeal.

"Any owner of real property within the district may appeal from the judgment fixing the assessment of benefits or damages within ten days by filing an affidavit for appeal and stating therein the special matter appealed from, but such appeal shall affect only the particular tract of land or other real property concerning which said appeal is taken, and on appeal only the special matter set up in said affidavit shall be considered by the circuit court."

In response to the contention that the appeals were not properly taken because there was no order of the court allowing them, the answer is that this is a special statute regulating appeals in the particular instance named, and that the sole requirement is that an affidavit shall be filed within ten days "stating therein the special matter appealed from," and no order of the court is required. The appeal goes as a matter of course upon the filing of the affidavit. The Constitution guarantees the right of appeal from all orders and judgments of county courts, but the method of taking an appeal is left within the province of the lawmakers. Courts have no power to read into the statute requirements omitted by its framers, for to do that would be to usurp the authority of the legislative branch of government. The statute declares the absolute right of "any owner of real property within

the district" to appeal from the judgment fixing the assessments at any time within ten days after such judgment by filing an affidavit for appeal, and the court has no power to add other conditions or requirements. The framers of the statute in omitting the requirement of an order of the court granting appeal might have had in mind the fact that the time allowed was short and might cover a period when the court was not in session, which would operate substantially as a denial of the right of appeal, for an adjournment of the court immediately after the rendition of the judgment would prevent the exercise of the right of appeal unless the appeal was prayed for at the time the judgment was rendered. We must assume that the language of the statute was selected advisedly and that its framers meant to exclude all requirements not expressly mentioned.

(2) The other contention to the effect that no right of appeal is conferred except to persons who have appeared and filed objections in writing is ruled by the recent case of *Foster* v. *Bayou Meto Drainage District,* 132 Ark. 141. In that case we construed a statute regulating appeals from orders of the county court with reference to drainage districts, but the statute is quite similar in all material respects so far as they relate to the question now before us. There is one material difference in that the statute now under consideration requires that objections to the assessments must be filed in writing, whereas we construed the statute dealt with in the other case to permit objections to be made orally. But we held that it is not essential to the right of appeal that there should be an objection made at all. In disposing of that matter we said: "But whether the land owner appears or not, he is given the right, as an aggrieved party, to take an appeal to the circuit court within twenty days." So we say in the present case that, even though the statute expressly provides that objections to the assessments must be in writing, the statute confers a right of appeal whether the land owner appears in the county court or not. The same reasons which brought us to that result

in the other case apply to the statute now under consideration, and we are of the opinion that it was the purpose of the lawmakers to give an absolute right of appeal to all land owners whether they appear at the hearing in the county court or not.

Several appeals were duly taken in accordance with the statute as now construed, and the court erred in dismissing the appeals.

Reversed and remanded for further proceedings not inconsistent with this opinion.