SUMMERS v. CONWAY & DAMASCUS ROAD IMPROVEMENT DISTRICT OF FAULKNER COUNTY.

Opinion delivered June 23, 1919.

1. CONSTITUTIONAL LAW—SUFFICIENCY OF ALLEGATIONS OF PLEADING. —The courts will not review legislative assessments for local improvements on merely general allegations that the assessments are arbitrary, excessive and confiscatory; facts must be pleaded which show that the decision of the lawmakers was not merely erroneous, but that it was manifestly outside of the facts, so as to amount to an arbitrary abuse of power.

2. HIGHWAYS—PETITION OF PROPERTY OWNERS.—Art. 19, section 7, Constitution, requiring a petition of a majority of the property owners for the creation of an improvement district within a city or town, has no application to a highway district a part of which only is within a city.

3. SAME — ASSESSMENT — EFFECT OF FAILURE TO APPEAL.—Where a property owner within a highway district neglects to appeal from an assessment of his property, he cannot ask relief from equity upon the ground that the assessment is excessive and confiscatory.

Appeal from Faulkner Chancery Court; *Jordan Sellers*, Chancellor; affirmed.

### STATEMENT OF FACTS.

By Act No. 148, approved March 1, 1919, the Legislature passed an act creating an improvement district for the purpose of improving and constructing a hard-surfaced road from a point in the city of Conway to Damascus, a distance of twenty-two miles, all in Faulkner County, Arkansas. Road Acts of 1919, vol. 1, p. 374.

J. I. Summers, a taxpayer and property owner in the proposed district, filed a complaint in the chancery court to enjoin the commissioners of the district from issuing bonds under the provisions of the act and from entering into any contract for the construction of the road. The complaint sets up various grounds which, it alleges, render the act unconstitutional and void.

The court sustained a demurrer to the complaint. The plaintiff elected to stand on his complaint and refused to plead further. The court, therefore, dismissed his complaint for want of equity. The plaintiff has appealed.

The appellant *pro se* and *J. H. Dunn*, for appellant.

The act is unconstitutional and void because:

(1) Plaintiff's land will receive practically no benefit from the road, and certainly not in the sum assessed, it will be more than a mile from the road.

(2) Other lands in the district assessed are in the same situation as to inaccessibility, and the assessments are void and tend to increase the burden of taxation on the remainder of the lands in the district.

(3) The jurisdiction of public highways and roads is vested in the county court and said act violates our Constitution.

(4) By said act the city of Conway is included in the district, and a portion of the road constitutes a street of said city, while under the laws of Arkansas the sole control of streets in a city is vested in the city council, and no tax can be levied on property of the city without

the consent of a majority in value of the owners in said city, which has never been obtained.

(5) No notice of the filing of the plat and assessment is required under said act.

For these reasons the assessment is void, and is a cloud upon plaintiff's title, and the collection of said tax would deprive plaintiff of his property without due process of law, and the court erred in sustaining the demurrer. Act 7, § 28, Constitution, and *Ib.* Art. 18, Amendment No. 5; 125 Ark. 325; *Swepston* v. *Avery,* 118 Ark. 294; 201 S. W. Rep. 797; 86 Ark. 231; 82 S. W. 371.

*R. W. Robins,* for appellee.

The contentions of appellant have all been decided against him by this court, see 72 Ark. 119; 98 *Id.* 113; 125 *Id.* 325; 92 *Id.* 93-98; 118 *Id.* 119; 112 *Id.* 277; 130 *Id.* 507; 53 *Id.* 529; 49 *Id.* 518; 52 *Id.* 529; 19 *Id.* 602; Welty on Assessments, par. 20, note 3; 170 U. S. 304, 311; 164 *Id.* 176; 21 Ark. 40; 59 *Id.* 528; 170 U. S. 55; 125 *Id.* 345; Cooley on Taxation 53; 6 Enc. Pl. & Pr. 338; 81 Ark. 562; 98 *Id.* 113; 83 *Id.* 344; 133 *Id.* 188; 134 *Id.* 30. See, also, McGee on Due Process of Law 248; 239 U. S. 207, Law. ed. 230; 49 Ark. 518; 90 *Id.* 413; 21 Enc. Pl. & Pr. 437; 149 C. C. A. 31; 139 U. S. 591; 229 U. S. 481; 117 Fed. 925; 160 C. C. A. 473; 112 Fed. 582; 168 U. S. 224; 157 C. C. A. 241; 146 *Id.* 537; 19 Ark. 416.

HART, J., (after stating the facts). The plaintiff alleges the act to be unconstitutional and void on various grounds, all of which have been decided against him by the recent decisions of this court. Therefore we will proceed to state his grounds of complaint and cite without additional discussion the cases, or some of them, which have put at rest the contentions now made by the plaintiff.

1. It is contended that the land of the plaintiff will receive practically no benefit from the proposed improvement because his land lies one and one-fourth miles from the road.

Section 4 of the act specifically declares that all lands located within the district will be benefited by the construction of the road and proceeds to state definitely the amount of benefits that each tract of land will receive. The various tracts of lands are divided into different zones for the express purpose of the Legislature fixing the benefits that each tract will receive. The Legislature provided that the lands in the different zones are benefited a certain per cent. of the assessed value of the lands as shown by the last assessment thereof for State and county purposes. A different per cent. is fixed for each separate zone.

The act further provides for the filing of a plat of the district by the county surveyor showing the zone of each subdivision of land as defined in the act and directs the county clerk to extend an assessment in a book provided for that purpose against each tract of land in the district, according to the percentage fixed by the act and the zone as shown on the map filed by the county surveyor. This is a legislative assessment of benefits.

In the case of *Moore* v. *Bd. Dir. of Long Prairie Levee Dist.*, 98 Ark. 113, the court said: "Nor can the courts review merely on general allegations that the assessments are arbitrary or excessive and confiscatory. Facts must be pleaded, which show that the decision of the lawmakers was not merely erroneous, but that it was manifestly outside of the range of the facts, so as to amount to an arbitrary abuse of power; for nothing short of that will authorize a review by the courts." See, also, *Alcorn* v. *Bliss-Cook Oak. Co.*, 133 Ark. 118.

The same view has been expressed in several other cases, notably in the recent cases of *Cumnock* v. *Alexander*, 139 Ark. 153, and *Reitzammer* v. *Desha Road Imp. Dist. No. 2*, 139 Ark. 168. In these last two cases the legislative assessment of benefits were sustained where the lands were situated farther away from the proposed road than the land in question.

2. It is insisted that the act is void because other lands in the district which have been assessed for the

construction of the road are in the same situation as to inaccessibility to the road as are the lands of the plaintiff. It is conceded by the plaintiff that, if his contention in this respect as to his own lands is not sustained, the ruling would apply with equal force to other lands similarly situated. It is perfectly manifest that the same ruling should obtain in both cases.

3. It is contended that the act is contrary to article 7, section 28, of the Constitution, which vests in the county court exclusive original jurisdiction in all matters relating to roads. This question under a similar statute was recently thoroughly considered by the court and decided adversely to the contention of the plaintiff by a divided court. The reasons for the holding were given in an opinion by the chief justice and the dissenting opinion prepared by the writer and concurred in by Mr. Justice WOOD, gives the reasons for the contrary view. Therefore it would be useless to again open and discuss this question. *Sallee* v. *Dalton,* 138 Ark. 549.

4. It is next insisted that the act is unconstitutional because a certain part of the road which is proposed for improvements constitutes a street in the city of Conway. It is claimed that this violates article 19, section 27, of the Constitution relative to the formation of improvement districts in cities and towns. This court has expressly held several times that the Legislature may create a road district and authorize the commissioners to improve the road through an incorporated town or city. *Cox* v. *Road Imp. Dist. No. 8 of Lonoke County,* 118 Ark. 119; *Bennett* v. *Johnson,* 130 Ark. 507; and *Cumnock* v. *Alexander,* 139 Ark. 153, and *Reitzammer* v. *Desha Road Imp. Dist. No. 2,* 139 Ark. 168.

5. It is next urged that the assessment of benefits upon the land of the plaintiff was unreasonably high and amounted to confiscation of his property. The act provides that the map and plat showing the different zones in which the property was situated should be filed within 30 days after the passage of the act, and that any landowner who thinks himself aggrieved by any incorrect

showing of his land thereon may file a petition in the county court within 10 days after the filing of said map asking for a correction thereof. The act further provides that the landowner may appeal from the judgment of the county court if he feels aggrieved by its action in the matter. It is also provided that within 10 days after the filing of the assessment book any landowner deeming himself aggrieved by the assessment may file a petition in the chancery court for a correction thereof. These provisions afforded the landowners a day in court for the hearing of any complaint against the assessments.

In the case of *Coffman* v. *Road Imp. Dist No. 6 of Lawrence County,* 134 Ark. 411, the court held that, under the act in question in that case, property owners might appeal from an order of the county court approving the assessment of benefits by following the only requirement of the statute, namely by filing an affidavit for appeal within 10 days. This period of time was recognized by the court in that case as not unreasonable. Several other cases have sustained statutes in cases of this kind, allowing a short period of time for the landowner to act in the premises.

The writer dissented in some of these cases on the ground that the time was unreasonably short, but our previous decisions have closed the door to further inquiry on this question.

The plaintiff failed to avail himself of the remedy provided by the statute within the ten days allowed him, and cannot now question the validity of the assessment on the ground that it is excessive.

It follows that the decree will be affirmed.