KELLEHER *v.* SUBSIDIARY DRAINAGE DISTRICT No. 11 OF THE
ST. FRANCIS DRAINAGE DISTRICT.

## Opinion delivered May 3, 1926.

DRAIN—RIGHT TO OBJECT TO ASSESSMENT—LIMITATION.—Under §§ 6
and 9 of act 196 of 1911 and § 2 of act 235 of 1909 and § 7
of act 172 of 1905, providing that the assessors of the sub-
sidiary drainage districts therein provided for should take into
consideration any damages to landowners whose property should
be taken for construction of a drainage ditch, and, if the damage
exceeds the benefits to be derived from the improvement, the
assessors should report the amount of excess to the board of
directors, and providing, further, that an aggrieved property
owner shall have the right to make complaint before the board
of assessors on a day of which notice was to be given, and
to appeal from their assessment to the county court within 20
days, and not thereafter, *held* that, though the assessors' report
failed to show that any damage had been allowed to plaintiff for
his land taken for construction of a ditch, the plaintiff was
barred by his failure to appeal from the assessment within the
time prescribed by the statute.

Appeal from Clay Circuit Court, Eastern District;
*G. E. Keck,* Judge; affirmed.

*W. J. Irvin,* for appellant.

*W. E. Spence,* for appellee.

WOOD, J.   The St. Francis Levee & Drainage Dis-
trict was created under act 172 of the Acts of 1905.   That
act provided for the construction of the drainage by
assessment of benefits upon the property included in the
district.   The act (§ 18) provides that, "before any
contracts are let to construct either the drain or ditch
herein provided for, the board of directors shall have
procured the right-of-way over the lands' through which
the drain or ditch is to be made, and, in case they can not
get a gratuitous relinquishment of said rights-of-way, they
shall proceed as provided for the condemnation of the
right-of-way."   Act 235 of the Acts of 1909 amended
§§ 6, 7 and 11 of act 172 of Acts of 1905, prescribing
in greater detail the methods whereby the assessment of
benefits should be made, and it is provided in act 235,
*supra,* that "any landowner of the district may appear

before the assessors and make complaint as to his assessment, and, if aggrieved at the assessment fixed, he shall have the right to appeal therefrom to the county court within twenty days and not thereafter.''

By act 196 of the Acts of 1911, the Legislature further amended § 6 of act 172 of the Acts of 1905 and the acts amendatory thereof. By act 196, *supra,* the limits of the drainage district as originally created are extended, and provision is made for the creation of subsidiary districts, the directors and assessors of the original district being also the directors and assessors of the subsidiary districts, and they are to give the notice and make the assessment of benefits and revise the same in the manner provided by the original act 172, *supra,* and the subsequent amendatory acts. In act 196, *supra,* it is provided as follows: ''Section 6. The assessors heretofore appointed by the board of directors for the said district shall continue to be the assessors of said district until superseded by said board, and said assessors shall proceed to make an assessment of the benefits to be derived from the construction of the improvement, and shall estimate and determine the amount of damages suffered by the owners of the several tracts or parcels of the land over which any right-of-way may pass, by reason of the land appropriated or otherwise, and make due allowance for all such damages to each piece of real estate in assessing the benefits to derive from the construction of the improvements. Provided that if, in their opinion, such damages to any tract exceeds the benefits to be derived, they report the amount of such excess as damages, which amount, upon the approval of the board of directors, shall be paid by such district to the owners of such property so damaged.''

This action was instituted by the appellant (plaintiff below) against the appellees (defendants below), Subsidiary Drainage District No. 11 and A. V. and E. S. Wills, partners doing business under the firm name of A. V. Wills & Sons, contractors. Plaintiff alleged that he was the owner of certain lands in the district, and that

the district, through these contractors, was cutting and
dredging a ditch over and through his lands without right
or authority, appropriating four acres thereof, to his
damage in the sum of $400, for which he asked judgment.
The defendants answered and admitted that they were
cutting the ditch over plaintiff's land, but denied that
they were doing so without authority. They set up that
the subsidiary district was organized under special act
172 of 1905 and the acts amendatory thereof; that the
directors of the district had complied with all the pro-
visions of those acts in regard to the assessment of bene-
fits and damages accruing to property owners by reason
of the construction of the ditch or drain, and that the
plaintiff had failed to appeal from the action of the board
of assessors within twenty days, as required by law.

The case was tried before the court sitting as a jury
by consent of parties, upon a statement of facts to which
the parties agreed. In this statement it is shown that
the appellee district was created under § 9 of act 196 of
the Acts of 1911; that, under said act, the board of asses-
sors of the St. Francis Drainage District had power to
organize subsidiary drainage districts; that, after the
organization of the district, the board of assessors pro-
ceeded to make an assessment of benefits on the lands
embraced in the subsidiary drainage district, and filed
its report, but failed to show that the damages to the
lands of plaintiff were considered; that notice of the as-
sessment was duly given, and plaintiff failed to make any
complaint on the day set for the hearing on the assess-
ment of benefits, and failed to appeal within the time pro-
vided by law; that the notice of the filing of the assess-
ment and the day set for a hearing did not designate that
any damage had been allowed the plaintiff, or that the
plaintiff was called upon to file exceptions on account of
damages; that the board had entered into a contract with
Wills & Sons to construct a ditch, a part of which ran
over and across plaintiff's land; that in so doing a strip
of plaintiff's land was appropriated.

The trial court found that the plaintiff was barred from maintaining the action by the provisions of § 6 of act 196 of the Acts of 1911 and § 7 of act 235 of the Acts of 1909. The court entered a judgment dismissing the complaint, from which is this appeal.

The trial court ruled correctly in holding that the assessment of benefits and damages in subsidiary districts created under act 196 of 1911 were governed by § 6 of that act and by § 7 of act 172 of 1905, as amended by § 2 of act 235 of 1909. The original St. Francis Drainage District was created under act 172 of the Acts of 1905. This act and act 252 of 1905, act 235 of 1909 and act 196 of 1911, amendatory of act 172, *supra,* are all parts of a connected system of legislation "having for its purpose the establishment of a main system of drains and levees for the protection of the lands in said district taken as a whole." (Section 9, act 196 of 1911). The act creating the original district and all acts amendatory thereof must therefore be considered as *in pari materia.*

Now, considering § 6 of act 196 of 1911, under which the appellee subsidiary drainage district was formed, in connection with § 9 of that act and also in connection with § 2 of act 235 of 1909, we are convinced that it was the intention of the Legislature that the assessors of the district in making the assessment of benefits should take into consideration any damages to landowners whose property would be taken in whole or in part for the construction of the improvement, and to make due allowance for such damages, and if, in the opinion of the assessors, the damages resulting from the taking exceeded the benefits to be derived from the improvement, then the assessors were to report the amount of such excess as damages to the board of directors of the district. The assessments shall be made as to the time, place, notice, etc., according to the methods prescribed in § 2 of act 235 of the Acts of 1909 amending § 7 of act 172 of the Acts of 1905. This latter section, among other things, makes full provision for the property owner to appear before the board of assessors and register such complaint

as he may desire to make of his assessment, or any other assessment, and if any owner is aggrieved at said assessment so fixed, he shall have the right to appeal to the county court within twenty days, and not thereafter.

2. It is unquestionably true that the act under which the appellee district was created contemplates that the assessors shall enter their assessment of record showing the value of the lands, with and without the proposed improvement and the benefit which each tract or parcel may derive by reason of the proposed improvement, as provided in § 3 of act 196 of 1911; but there is nothing in this section or in § 2 of act 235 of the Acts of 1909 prescribing the time, place, notice, and method of the assessment, which requires that the notice to the landowner shall recite that damages have or have not been allowed in making the assessment. Nor is there any provision in the acts that, if the board of assessors should fail to keep a record as to the damages as provided in § 3, the assessment would be void on that account. The acts provide for notice to the landowner of the meeting of the board of assessors to hear the complaints that the landowner may wish to register against the assessment, which, under the act, includes an allowance or disallowance of damages for lands injured or taken by reason of the improvement, and he is likewise given his day in court in which he may challenge the final assessment as fixed by the board of assessors, and, if he fails to appear within the time prescribed by law and appeal to the county court and register his complaint against the assessment as finally fixed, for any reason whatever, he is forever thereafter precluded from doing so.

It follows that the judgment of the trial court must be affirmed. It is so ordered.