CALDARERA *v.* LITTLE ROCK-PULASKI DRAINAGE
DISTRICT No. 2.

4-8863                                          219 S. W. 2d 759

Opinion delivered April 25, 1949.

168

*Lee Cazort, Jr.,* for appellant.

*Leon Catlett* and *L. P. Biggs,* for appellee.

ROBINS, J.   Appellants own land situated in appellee, ·Little Rock-Pulaski Drainage District No. 2 of Pulaski County, organized for the purpose of protecting, by levee and drainage works, lowlands in the eastern part of the City of Little Rock and suburban territory adjacent. This district was created under authority of Act No. 279, approved May 27, 1909, and Acts supplemental and amendatory; and certain phases of the procedure to organize it were before us in the case of *Lessenberry* v. *Little Rock-Pulaski Drainage District Number 2,* 211 Ark. 1046, 204 S. W. 2d 554.

A portion of appellants' land being required for use as right-of-way for the levee appellee proceeded to condemn same, under the method authorized ᐧby the statute (§ 3, Act 177 of 1945).

Appraisers·were appointed and they made a written report, awarding appellants $600 as damages for taking of the right-of-way. This award was filed in the office of the circuit clerk on October 28, 1947; and summons issued thereon was served on each of appellants on October 31, 1947. Under the above statute, any property owner, whose land is thus condemned, may, within ten days after such award is filed and service of summons thereon had, file exceptions to such award, whereupon a jury trial as to the correctness of the award may be had.

Appellants did not file any timely objection to the report of the appraisers; and the circuit court took no action thereon until May 26, 1948, at which time it entered a judgment of condemnation in favor of the district for the right-of-way and against the district for the sum fixed as compensation by the appraisers. This judgment was authorized by the following portion of § 3, Act 177 of 1945: " . . . if no exception is filed by the owner, or owners, within ten days after service of summons, or within ten days of the last date of the publication of the warning order, or by the levee or drainage district, within ten days after award is filed, then it shall be the duty of the clerk of the circuit court to call the court's attention to the award, and failure to file exception thereto after notice having been given as herein provided, and upon such information, the court shall proceed to enter a judgment condemning such property and land for the right of way purpose, and a judgment in favor of the owner, or owners, of such land against the levee or drainage district for the amount awarded by such appraisers; but, in case exceptions are filed by either party, within the time herein prescribed, it shall be the duty of the clerk to docket the cause."

On July 21, 1948, but at the same term of court at which the judgment of condemnation had been entered, appellants filed a motion to vacate the judgment which had been entered. They set up in their motion that they had employed attorneys who, appellants believed, were to protect their interests in the right-of-way matter but whose work, it later developed, consisted only in attacking the assessment; and they alleged that the award made to them for their right-of-way was so grossly inadequate as to amount to confiscation of their property.

The lower court sustained appellee's contention that the attack of appellants on the award by the appraisers came too late and denied the motion to vacate.

There can be no disagreement with the soundness of appellants' argument that until lapse of the term at which an order is made the court has control of any

such order. But, if the judgment of condemnation here involved should be set aside it would afford no relief to appellants, because they did not except, within the ten-day period fixed by law, to the award of the appraisers, and not having done so they cannot be heard, after that period, to protest.

There are many statutes relating to public improvements, whereby the property owner is afforded a comparatively short period—from ten days to thirty days— in which to protest against steps, taken in organization of improvement districts involving his land, such as the assessment of benefits, assessment of damages, and contest of sufficiency of petition. These statutes have been uniformly upheld by us as a valid exercise of legislative power. *Summers* v. *Conway & Damascus Road Improvement District of Faulkner County,* 139 Ark. 277, 213 S. W. 775; *Sain* v. *Cypress Creek Drainage District,* 161 Ark. 529, 257 S. W. 49, 258 S. W. 637; *Dickerson* v. *Tri-County Drainage District,* 138 Ark. 471, 212 S. W. 334; *Kelleher* v. *Subsidiary Drainage District No. 11 of the St. Francis Drainage District,* 170 Ark. 1138, 282 S. W. 988.

Appellants failed to file exceptions to the allowance for right-of-way made to them by the appraisers until long after the expiration of the time in which the law permitted them to make such objection.

The judgment of the lower court denying their motion to vacate was therefore correct and is affirmed.