BUTLER *v.* BOARD OF DIRECTORS OF FOURCHE DRAINAGE DISTRICT.

Opinion delivered May 1, 1911.

1. CONSTITUTIONAL LAW—CONSTRUCTION OF CONSTITUTION.—The Constitution of the State is not a grant or enumeration of legislative powers, but is a limitation upon such powers, and the Legislature can exercise all the powers not expressly or by fair implication forbidden by the Constitution. (Page 103.)

2. IMPROVEMENT DISTRICTS—CONSENT OF PROPERTY OWNERS.—The constitutional requirement that assessments on real property for local improvements in towns and cities shall "be based upon the consent of a majority in value of the property holders owning property adjoining the locality to be affected" (art. 19, § 27) does not forbid the creation in good faith of an improvement district lying partly within and partly without a city or town, without requiring the consent of a majority of the urban property owners within the district. (Page 103.)

3. STATUTES—REPEAL.—The provision of the Constitution of 1874 (art. 5, § 23) that "no law shall be revived, amended, or the provisions thereof extended or conferred by reference to its title only," does not prohibit the Legislature from impliedly repealing a section of a prior statute. (Page 104.)

4. DRAINS—BENEFIT.—Proof that certain lands included in a drainage district are above overflow and not in need of drainage is insufficient to show that such lands would not be benefited by the drainage district. (Page 105.)

. Appeal from Pulaski Chancery Court; *John E. Martineau*, Chancellor; affirmed.

*Rose, Hemingway, Cantrell & Loughborough*, for appellants.

1. The same principle is involved in this case as in the case of *Craig* v. *Russellville Waterworks Improvement District*, 84 Ark. 390, and should control. It is too narrow a construction of sec. 27, art. 19, Const., in that case enforced, to say that it applies only to improvements made within the city or town. If the constitutional provision is to be ignored because there are lands outside the city included in the district, then by adding a merely nominal exterior territory, the provision can in practice be evaded in any case.

2. The act of 1909 amends section 4 of the act of 1907 without setting it out, as required by sec. 22, art. 5, Const. Compliance with this requirement is essential. 49 Ark. 131; 52 Ark. 290.

3. The benefit to appellant's property, if any, is remote, indirect and speculative. Only direct benefits can be assessed. 64 Ark. 555.

*Coleman & Lewis*, for appellee.

Sec. 27, art. 19, Const., while applicable to cities and towns, is not controlling where an improvement district is formed by the Legislature which embraces cities and adjacent territory without the city limits. 59 Ark. 513; 96 Ark. 410; 97 Ark. 322. The Legislature has authority to create improvement districts composed of cities and adjacent territory lying without the city limits, and to provide for assessments and for the collection of same. 133 Ill. 466; 8 O. St. 338; State & Fed. Control of Persons and Property, 711.

2. The act of 1909 does not amend, extend or confer the provisions of the act of 1907. It is therefore not in conflict with sec. 22, art. 5, Const. It is clearly a repeal of sec. 4 of the act of 1907, and in no other way affects the act of 1907. 49 Ark. 131, 134; 61 Ark. 622. The constitutional provision does not apply to implied amendments. 64 Ark. 83; 77 Ark. 383; 52 Ark. 326; 29 Ark. 252.

3. The mere fact that appellants' property in the city is above overflow, which is conceded, is no reason for holding that it is not benefited by the district, nor any reason or excuse why a tax should not be levied and collected to pay for the improvement. It is of no moment that appellants' property is not benefited to the extent of other property adjacent to the overflow sought to be abated. 96 Ark. 410; 133 Ill. 446; 8 O. St. 338; Hamilton, Law of Special Assessments, § § 190, 192, 194, 213, 216; 21 Ark. 60; 64 Ark. 259; 59 Ark. 514, 537.

McCULLOCH, C. J. Appellant owns real property in the city of Little Rock, and in an action instituted in the chancery court of Pulaski County he attacked the validity of an act of the General Assembly, creating and laying off an improvement district "for the drainage of certain portions of the Fourche bottoms and contiguous territory." The boundaries of the district include the whole of the city of Little Rock and several adjoining townships outside of the city. Fourche Bayou, the stream to be drained, lies wholly without the city limits, but the bottom or flooded lowlands extend into the city limits. The statute, as subsequently amended, authorizes the board of directors of the district to proceed with the making of the improvement, the assessment and collection of taxes, the borrowing of money, etc., without procuring the assent of a majority in value of the owners of real property in the district. There is a provision of the Constitution of 1874 which reads as follows:

"Nothing in this Constitution shall be so construed as to prohibit the General Assembly from authorizing assessments on real property for local improvements in towns and cities under such regulations as may be prescribed by law, to be based upon the consent of a majority in value of the property holders owning property adjoining the locality to be affected; but such assessments shall be *ad valorem* and uniform." Art. 19, § 27.

It was decided by this court in *Craig* v. *Russellville Waterworks Improvement District,* 84 Ark. 390, that a statute creating an improvement district in the city of Russellville for the purpose of constructing waterworks was unconstitutional in not providing for obtaining the consent of a majority in value of the owners of real property within the district.

In a recent case we decided that "there is no constitutional

requirement that the creation of local improvement districts outside of cities and towns shall be based upon the consent of a majority in value of the property owners." *Alexander* v. *Board of Directors of Crawford County Levee District,* 97 Ark. 322.

The question is now presented to us for the first time, whether the above-quoted section of the Constitution applies to and forbids the creation of an improvement district lying partly in and partly outside of a city or town without obtaining the consent of the property owners. The Constitution of the State is not a grant or an enumeration of powers vested in the legislative department, but is a limitation upon the exercise of such powers, and the Legislature can exercise all the powers not expressly or by fair implication forbidden by the Constitution. *State* v. *Ashley,* 1 Ark. 511.

We are of the opinion that the above-quoted provision of the Constitution applies only to assessments for improvements purely local to a municipality, and not to local improvements covering wider territory, even though a part or all of the municipality be included therein. An improvement district like this, covering territory both in and out of a municipal corporation, does not fall within either the letter or the spirit of the constitutional provision. It is not a local improvement *in* a town or city, and therefore not within the letter of the constitutional prohibition. It is not within its spirit, for, there being no inhibition upon the creation of districts outside of cities or towns, there is no reason for construing the provision to mean that the consent of the property-owners inside of the city or town must be obtained, whilst the wishes of the property-owners in the same district outside of the city or town may be ignored. It is obvious that the framers of the Constitution did not have in mind a provision which would operate upon lands in one part of an improvement district and not upon lands in other parts. The principle of uniformity would be violated if that be the proper construction of the provision, for many a local improvement, such as a drainage or levee district, affecting alike lands inside and outside of cities and towns, would be frustrated by the urban property owners withholding consent. Property outside of the city or town could not be taxed for the benefit of the property inside thereof, and thus the whole scheme would be defeated and suburban property left without means for improvements.

It is insisted that the opinion in *Craig* v. *Russellville Water-works Improvement District, supra,* expresses a contrary view, In that case, speaking through Chief Justice HILL, we said:

"It (the constitutional provision referred to) created a vested property right in owners of real estate in cities and towns. It is a guaranty to them that their property shall not be taxed for local improvements except upon an *ad valorem* basis, and upon the consent of a majority in value of those to be affected by such improvement. Having this constitutional guaranty that their property shall not be subject to assessment except in this manner, then until it is assessed in this manner they have a right to object to any taxation upon it for the purpose of local improvements."

It was further said that until a plan is provided for obtaining the consent of property owners "the Legislature is powerless to impose an assessment for local improvements in cities and towns." That language must, of course, be interpreted in the light of the facts of that particular case, and limited to those facts. We do not think it applicable to the facts of the present case, for it referred only to an improvement embraced within the terms of the constitutional provision. In that case we were not called on to decide whether the improvement in question fell within the terms of the Constitution, but we had only the question whether or not the Legislature possessed the power to authorize such an improvement by special assessments, without providing means for obtaining the consent of the property owners.

We conclude that the act in question does not violate the constitutional inhibition in that respect, and that it is not void. We do not have to pass on the question whether the inclusion, by the Legislature, of a small area outside of the city merely for the obvious purpose of evading the constitutional provision would be allowed to stand, for that question is not involved. A large area directly affected by the improvement is included in the district, and the good faith of the law-makers in including it is not called in question.

It is next insisted that the act of April 6, 1909, amending the act of 1907, c. 420, which created the district, violated the provision of a section of the Constitution which provides that "no law shall be revived, amended, or the provisions thereof extended or conferred by reference to its title only." Looking to the form, rather than to the substance, of the amendatory act, we

find that its effect was merely to repeal section 4 of the original act, and therefore it does not fall within the prohibition of the constitutional provision above referred to. *Watkins* v. *Eureka Springs*, 49 Ark. 134; *Little Rock* v. *Quindley*, 61 Ark. 622; *St. Louis, Iron Mountain & Southern Ry. Co.* v. *Paul*, 64 Ark. 83.

The remaining question raised in the case is upon the allegation of the complaint to the effect that "the plaintiffs' property is high above overflow and not in need of drainage." This question is, we think, decided adversely to the contention of appellant in the case of *Memphis Land & Timber Co.* v. *St. Francis Levee District*, 64 Ark. 258, where it was held that the fact that certain lands in the levee district were above overflow was not sufficient to show that the same would not be benefited by the levee.

The ruling of the chancery court in sustaining the demurrer to the complaint was correct, and the decree is therefore affirmed.

KIRBY, J., dissents.