TARVIN *v.* ROAD IMPROVEMENT DISTRICT No. 1 OF PERRY COUNTY.

Opinion delivered February 17, 1919.

1. APPEAL AND ERROR—MATTERS REVIEWABLE.—Where an appeal from an order authorizing commissioners to construct certain laterals to roads not designated in the original petition for organization of a road improvement district was not consolidated with an appeal taken from the organization of the district, the contention that the order establishing the laterals was without authority is not properly before the Supreme Court, and will not be considered.

2.  HIGHWAYS—IMPROVEMENT DISTRICT—SUFFICIENCY OF DESCRIPTION.
    —In proceedings for organizing a road district under Acts 1915,
    p. 1400, *held,* that contemplated improvements were sufficiently
    described in the petition, in the map attached thereto, and in the
    preliminary estimate of cost.

3.  HIGHWAYS—PETITION FOR ROAD DISTRICT—SUFFICIENCY.—The map
    or plans, specifications and estimate of costs must be regarded
    as a part of the petition for organization of a road district for
    the purpose of determining whether a proposed improvement is
    certainly and definitely described.

4.  HIGHWAYS—ROAD DISTRICT—DESCRIPTION.—In a road district pro-
    ceeding *held* that the description of the proposed improvement in
    the petition, estimate of costs, the notice and the preliminary and
    final orders of the court were not so conflicting that property own-
    ers could not know the particular road or roads proposed to be
    improved.

5.  HIGHWAYS—ROAD DISTRICT—DESCRIPTION.—Although a petition for
    the organization of a road district, preliminary survey, estimate of
    cost, map and orders of court did not state whether the improve-
    ment followed public roads, where the preliminary order recited
    that the survey, maps, plans and estimates of cost were made in
    accordance with law, it sufficiently appeared that the improve-
    ments followed public roads, since Acts 1915, p. 1400, provides
    that only public roads can be constructed or improved.

6.  HIGHWAYS—ROAD DISTRICT—UNITY.—In a proceeding for the or-
    ganization of a road improvement district *held* that the proposed
    improvements were sufficiently joined together and constituted a
    single improvement, though some of them emanated from the cor-
    porate limits of two towns, and though a ledge of mountains ran
    through the district.

7.  APPEAL AND ERROR—QUESTION OF FACT REVIEWED.—The conten-
    tion that there is no unity of improvement in a road district
    will not be sustained on appeal if the undisputed facts do not
    show that there is no unity.

8.  HIGHWAYS—ROAD DISTRICT—ESTIMATE OF COSTS.—In a proceeding
    for the organization of a road improvement district, a difference
    in preliminary estimate of costs of State Highway Engineer and
    construction engineer of $435 a mile or a difference of $11,322.77
    in the total estimate, would not amount to fraud on the petition-
    ers or the property owners.

Appeal from Perry Circuit Court; *Guy Fulk,* Judge;
affirmed.

*W. P. Strait,* for appellants.

1. The contemplated improvements are not sufficiently described in the petition, map and specifications and the order of court is not definite enough. Acts of 1915, p. 1308, § 1, "A," "B," and § 7. The notice was not sufficient. 191 S. W. 9; 113 Ark. 193; 115 *Id.* 88; 86 *Id.* 21; 97 *Id.* 341; 103 *Id.* 269; 116 *Id.* 167; 103 *Id.* 65; 90 *Id.* 29; 59 *Id.* 344; 60 Ark. L. R. 496.

Separate and distinct roads were improperly joined in one district. 30 Ark. 513.

2. There was erroneous or fraudulent estimate of cost. 191 S. W. 9; 118 Ark. 121; 115 *Id.* 88; 86 *Id.* 21; 97 *Id.* 341; 108 *Id.* 141; 103 *Id.* 269; 116 *Id.* 167; 105 *Id.* 65; 90 *Id.* 29.

3. There was no showing in the record that the court on its own motion or by petition of ten property holders as required by the Alexander road law or by any order of the State Highway Commission or its engineer for preliminary survey estimate of cost. 124 Ark. 234; 123 *Id.* 298.

4. The law must be strictly complied with or the whole proceeding is void. 103 Ark. 446; 124 *Id.* 234; 123 *Id.* 211; 389.

*John L. Hill, J. H. Bowen* and *Rose, Hemingway, Cantrell & Loughborough,* for appellee.

The petition and description were sufficient to give the court jurisdiction. Such roads can be embraced under a "single" road improvement district. 125 Ark. 388-329; 103 *Id.* 299; 112 *Id.* 254. The laterals are moderate in the amount of cost and plainly advantageous to the inhabitants of the district.

HUMPHREYS, J. On July 9, 1917, certain landowners in Perry County, Arkansas, presented a petition to the Perry County court, asking for the organization of Road Improvement District No. 1, under Act No. 338, Acts of the General Assembly, 1915, setting out in said petition the lands to be included in the district by section, township and range. The roads to be improved and constructed were described in the petition as follows:

"Perry north, two miles; Perry east, four miles; Perry south to Perryville and from there to Aplin." The petition recited that a plat was attached, plainly indicating the boundaries of the district and showing the roads which were to be constructed and improved. The estimated cost of the improvement by the State Highway Engineer was also attached to the petition as an exhibit describing the road, or roads, to be improved as follows: "Perry by the way of Perryville to Aplin; Perry east along Rock Island railroad; Perry west to Adona; Perry north to county line." The estimated cost, including the overhead expenses, was $66,528.53. In this estimate of cost, the width of the road, the character of the material to be used and the total length of the road were set forth. The attached map of the proposed district was imposed on certain sections of land in township 5 north, ranges 16, 17 and 18 west; and certain sections in township 4 north, ranges 17, 18 and 19 west, according to the government survey of lands. The town of Aplin was laid on the north half of section 25, township 4 north, range 19 west; Perryville on the southeast quarter of section 9 and southwest quarter of section 10, township 4 north, range 17 west; Perry on the south half of section 27, township 5 north, range 17 west; and Adona on the northwest quarter of section 34, township 5 north, range 18 west. A white line was drawn from Aplin in a northeasterly direction through Perryville; thence, in a northerly direction from Perryville to the north line of the proposed district. A white line was also drawn from Adona in a southerly direction through Perry to a certain point in section 20, township 5 north, range 16 west. The lines drawn north and south and east and west through Perry, intersected near the center of the town. On the map appear the following words: "Map of Perry Co. Road Improvement Dist. No. 1." The State Highway Engineer's preliminary survey, the plat, plan, specifications and estimates of cost of said road improvement district were filed in the county court of Perry County before the petition was circulated to secure names of the owners of land in the district.

On the 3rd day of August, 1917, a day of the July term of court, and the day fixed by the court for the hearing of the petition for the organization of said improvement district, the cause was heard by the county court. It is recited in the order made on that day that "After due and lawful petition filed with the State Highway Department for preliminary survey, specifications, etc., said State Highway Department prepared said preliminary plans and they were duly filed in this court as required by law before any petitions were circulated." As a result of that and other findings of the court, upon hearing, an order was made establishing road improvement district No. 1 of Perry County, in which order the road was described as follows: "From the town of Perry north two miles; from the town of Perry east four miles; from the town of Perry west six and one-half miles; from the town of Perry south to Perryville and from the town of Perryville to the town of Aplin."

From the order establishing the district, each appellant filed the necessary affidavit and appealed his cause to the circuit court. The causes were consolidated by consent and submitted to the circuit court upon the petition, objections of appellants to the organization of the road improvement district, and testimony offered by appellants and appellees. At the close of the testimony, appellants requested certain findings of fact and declarations of law, which were refused by the court. Thereupon, the court rendered judgment affirming the judgment of the county court establishing the district, from which judgment an appeal has been prosecuted, under proper proceedings, to this court.

This cause was submitted to the circuit court at the February term, 1918, and was taken under advisement, and the final judgment from which this appeal was prosecuted, was rendered on July 19, 1918. On the 18th day of March, 1918, on the application of the commissioners of the district to the Perry County Court, an order was entered authorizing the commissioners to construct certain laterals to the roads

not designated in the original petition, preliminary plans, specifications and estimates of cost. Appellants appeared there and opposed the construction of the laterals, and objected and excepted to the order of the county court authorizing them, and prayed an appeal to the circuit court from the order. We are unable to ascertain from the record that this latter appeal was consolidated with the appeal taken from the organization of the district, so the contention of counsel, that the order of the court establishing the laterals as a part of the district was without authority and contrary to law, is not properly before this court for adjudication. We understand that the only matters for adjudication on the appeal before us are matters pertaining to the validity of the organization of the district. Not being properly before us, we eliminate from our consideration the order establishing the laterals and pretermit an expression as to the validity of the order establishing them.

It is first insisted by appellant that the contemplated improvements are not sufficiently described in the petition, the map attached thereto or in the preliminary estimate of the cost of the improvement, for petitioners to know therefrom what roads, if any, were to be improved.

Section 1 (A) Act 338, Acts 1915, provides that a plat shall be filed with the petition "upon which the boundaries of the proposed district shall be plainly indicated showing the roads which it is intended to construct and improve as nearly as practicable." Before the petition can be circulated for signatures of property owners in the proposed district, the State Highway Engineer, or his assistant, under instruction of the State Highway Commissioner, at the instance of the county judge or ten or more landowners in the proposed district, shall prepare and file in the county court preliminary plans, specifications and estimates of the cost of the roads to be constructed and improved, in the same manner as set out in section 7 of the same act. Section 7 of said act provides that the plans, specifications and estimates "shall show the starting point or points, the general directions of the roads

to be constructed, their terminii, etc." There is no requirement in the law that the petition proper shall embrace an accurate or definite description of the proposed road, or roads, to be constructed or improved. The map filed with the petition and the plans, specifications and estimates of cost filed in the county court before the petition can be circulated, is for the purpose of apprising the petitioners of the particular improvement to be made, its character and estimated cost. The map or plans, specifications and estimate of costs must be regarded as a part of the petition for the purpose of determining whether the proposed improvement is certainly and definitely described. This court said in the case of *Cox* v. *Road Improvement Dist. No. 8 of Lonoke County,* 118 Ark. 119, in which this act was under construction, "All of the cases under our improvement district law treat the petition as jurisdictional, and hold that its recitals must meet the requirements of the statute. All of these decisions make it plain that there must be no uncertainty about the improvement proposed." In the Cox case, the petition was to improve "some of the public roads within its limits." This court held that description too indefinite to meet the requirements of the act. The petition in the case at bar described the roads to be constructed and improved, in a general way, and recited that a plat was attached, plainly indicating the boundaries of the district and showing the roads which were to be constructed and improved. The white lines on the plat referred to and filed in the county court with the estimate of cost were the only lines drawn between the towns mentioned and designated on the map, so these lines were necessarily drawn to represent the proposed roads. They were the only lines on the map which could represent the proposed roads, consequently it was not necessary to write the word "road" on or near the line, as contended by appellants. The lines being imposed on sections according to the government survey, and drawn between towns and in certain directions from towns for certain distances, definitely locate the road. The lines representing the roads have a defi-

nite place of beginning and a definite place of ending, and cross the sections through which they go in certain directions, and cross the section and township lines at certain points so that an ordinary layman looking at the map could understand with certainty just what road or roads were to be constructed or improved. A surveyor could read the description in the petition in connection with the map and definitely and certainly locate the road. This character of description is held to be sufficient in solemn instruments of writing, such as deeds, mortgages, etc. The only requirements in section 7 of this act is that the starting points, the general directions and the terminii of the road, or roads, shall be shown.

It is suggested that the descriptions in the several instruments are so conflicting that the property owners could not know the particular road, or roads, it was proposed to improve.

We have read the several descriptions contained in the petition, estimate of costs, the notice and the preliminary and final orders of the court and we see no material conflicts in them, when each is read in connection with the maps or plans of the proposed district.

It is also suggested that it cannot be ascertained from the description, read in connection with the plat, whether the road, or roads, intended to be improved run over public roads, private roads, or through the woods. It is true nothing is said in the petition, the preliminary survey, the estimate of cost or the map or in any orders of the court as to whether the road, or roads, intended to be improved, follow public or private roads or run through the woods; but it is recited in the preliminary order that the preliminary survey, maps, plans and estimate of cost were made in accordance with law. Act No. 338, Acts 1915, provides that only public roads can be constructed or improved. The conclusion is, if made in accordance with law, that the designated improvements follow public roads. The undisputed proof fails to show to the contrary.

It is insisted that there is no unity of the improvement for two reasons:

(1) That an attempt has been made to unite in one district four or five separate and independent roads running from the corporate limits of the town of Perry in four different directions.

(2) That there is a ledge of mountains, uninhabited and uninhabitable, running east and west through the district and separating the lands north of the range of the mountains from the lands south of the range of mountains in such a way that there is no community of interest between the two sections.

(1) This court said in the case of *Conway* v. *Miller County Highway and Bridge District,* 125 Ark. 325 (quoting from the syllabus), "That said district was not invalidated because it provided for the construction of several roads, since the same emanated from a common point and connected in the city of Texarkana." And also said, in the Conway case, in discussing the case of *Nall* v. *Kelley,* 120 Ark. 277, that "We upheld a district which authorized the construction of a road running through Grant County, and we see no distinction in the present case because the roads, instead of forming a continuous line, form an angle at the city of Texarkana. These roads traverse the same section of the county and run to the common center at the city of Texarkana. It will doubtless be found, when it comes to the assessment of benefits, that all the lands in the district are not benefited by these roads in the same proportion, but it does not necessarily follow on that account that the roads are not sufficiently joined together to constitute a single improvement."

It will be observed by reference to the maps attached to the petition and to the estimate of cost in the case at bar that one road begins in Aplin, runs northeast through Perryville and north through Perry to the north line of the district; another road begins at Adona and runs in an easterly direction through Perry to a certain point in section 20, township 5 north, range 16 west, and that the two roads intersect near the center of the town of Perry. It

will also be observed from the boundary lines of the district that the district is about eight miles wide by fifteen miles long and that the road from Adona through Perry, section 20 aforesaid, traverses the northern part of the district; and that the road from Aplin to Perryville traverses the southern part of the district; that the continuation of the latter road north to the north line of the district makes actual connection in the town of Perry with the first mentioned road, so the improvement in the case at bar is actually joined together and clearly constitutes a single improvement, rather than several distinct and separate improvements. The argument that money of the district can not be used in the construction of the road through the towns of Perryville and Perry, and that the roads are rendered several and distinct because they must end and connect at the corporate lines of the town of Perry or the corporate lines of the town of Perryville, necessarily renders them separate and distinct improvements, is not well taken. There is nothing in the act that prevents the district from improving the streets either in the town of Perryville or the town of Perry used as a connection between the roads, if permitted to do so by the town. Even if that portion of the road shown to be laid through the town could not be improved by use of the district money, under the rule laid down in the cases above cited, it cannot be said that they are not sufficiently joined if they emanate from the corporate limits of the towns of Perry and Perryville. The towns do not sufficiently disconnect the roads to make them separate and distinct improvements.

(2)    Neither can we say that the ledge of mountains running east and west through the district so as to separate the roads in the south part of the district from the roads in the north part of the district, or to separate the lands on the south side of the range of mountains from the road on the north side of the range of mountains, necessarily destroys the unity of the district. The proposed improvement brings the lands on the north side of the mountains in much closer proximity than before to the

lands on the south side of the mountains, because the road extending north from Perryville through Perry to the north boundary line of the district, makes it possible for the people on each side of the mountains to use all roads in the district. It gives parties living in Aplin and in the southern part of the district an opportunity to travel to Adona by the way of Perryville and Perry and to go east or north from Perry if they desire, and provides a way for the people living in the northern part of the district to travel from Adona or any point on the roads in the northern part of the district by the way of Perry over the mountains to Perryville and Aplin, or to any point along the road between Perryville and Aplin. It can not be said that there is so much territory included in the district that there is a natural diversity and no unity between the several parts of the district. We do not think the topography of the country conclusively shows that there is no unity between the lands on the north and south sides of the mountain range running east and west through the district.

. We do not think the contention of appellant on either the first or second ground is well taken for the following reason. The case is here on appeal, so unless the undisputed facts established that there was no unity between the several roads constituting the system, or that there was no unity between the territory north and south of the mountains running east and west through the district, this court would not be warranted in interfering with the judgment of the circuit court on appeal. The undisputed facts do not establish non-unity between the roads or between the territory on each side of the mountains, for there is testimony in the record on the part of appellees tending to show that the proposed road, running from Aplin east to Perryville, thence north, through Perry, to the north boundary line of the district, is one continuous road; and that the road beginning at Adona and running east through Perry to a certain point in section 20, township 5 north, range 16 west, is one continuous road, and that these two roads intersect about the center of Perry;

that the proposed roads form one system of roads connecting the territory south and north of the mountains, which run east and west through the district, and is the only feasible route to go from Aplin to Adona, and that all the territory included within the boundaries of the district would be benefited by the system of roads.

Again, appellant contends that there is such a discrepancy between the preliminary estimate furnished by the State highway engineer and the construction engineer that it constitutes a fraud in law on the petitioners or property owners. The preliminary estimate amounted to $66,528.23; the estimate made by the construction engineer amounted to $77,850. This discrepancy between the estimates of the two engineers, when reduced to the cost per mile, amounted to a difference in cost of only about $435 per mile. No actual fraud was shown. Such a discrepancy in estimates might be due to many legitimate causes. We cannot say that this slight difference per mile, or the difference of $11,322.77 in the total estimates between the State Highway Engineer and the construction engineer, would amount to a fraud in law on the petitioners or property owners.

Lastly, it is insisted that because it did not appear in the preliminary orders of the court that the county judge, or at least ten property owners, made application to the State Highway Commissioner for preliminary plans, specifications and estimate of cost, that the organization of the district is rendered invalid. We think learned counsel is in error in the contention that no such application was made by the county judge or ten or more property owners in the proposed district to the highway commissioner for preliminary plans, specifications and estimate of cost of the proposed improvement. The following recital appears in the order of the county court giving notice of the hearing for the formation of the district: "And it appearing that application was duly made to the State Highway Commission for preliminary plans and specifications of said improvement, as required by law, and that such pre-

liminary plans, specifications and estimates were prepared in the manner required by law by the State Highway Commission and filed in this court before any petitions for said improvement were circulated.'' Again, in the order made by the court establishing the district, the following recital appears: ''And it appearing that after due and lawful petition filed with the State Highway Department, preliminary survey, specifications, etc., said highway department prepared said preliminary plans and they were duly filed in this court as required by law before any petitions were circulated.''

In view of these recitals, it is unnecessary to decide whether the petition of the county judge and ten property owners to the highway commissioner for the preliminary plans, specifications and estimates of cost, is jurisdictional.

No error appearing in the record, the judgment is affirmed.