CRAWFORD *v.* PULASKI ROAD IMPROVEMENT DISTRICT No. 10.

Opinion delivered June 26, 1922.

1. HIGHWAYS—CHANGES IN ROUTE OF ROADS TO BE IMPROVED.—Under Road Acts 1919, p. 1814, creating Road Improvement District No. 10 of Pulaski County, the county court could make changes in the routes of the roads to be improved where they were comparatively inconsequential and did not lessen the beneficial effects on the contiguous property, especially since the statute only designates the established roads by name, and the changed routes fall within the statutory description.

2. HIGHWAYS—DISCRETION OF COMMISSIONERS.—Road Acts 1919, p. 1814, creating Road Improvement District No. 10 of Pulaski County, vested in the board of commissioners discretion as to the extent and character of the improvement to be made, and permitted them to eliminate parts of the roads mentioned, and did not require them to repair roads already sufficiently improved or repaired.

Appeal from Pulaski Chancery Court; *John E. Martineau,* Chancellor; affirmed.

*Emerson, Donham & Shepherd* and *Will G. Akers,* for appellant.

Commissioners of improvement districts have such powers only as are conferred by the express terms of the statutes under which they act, or such as are necessarily implied therefrom. 130 Ark. 410.

Neither expressly, nor by necessary implication, are appellees given by the statutes involved here, the authority to abandon any part of the roads which they are required to improve, nor is there any discretion invested in them with respect to changes of routes. On the contrary, these statutes evidence the legislative intent to provide for a construction upon certain well established highways and in no other places. See §§ 1 and 2 of the original Act, 436, Acts 1919; §§ 1 and 2 of Act 189, Acts 1920, Special Session, amendatory of §§ 2 and 4 of Act 436; § 6 of Act 436. The legislative intent is further evidenced by the fact that it did not, in the amendatory act, give the commissioners the power to make the improvement upon the described route, or *upon a route substantiating the same as the described route,* as was the case in the act involved in *Sikes* v. *Douglas,* 147 Ark. 469-473.

If the act is susceptible of a construction permitting the levy of special improvement district taxes upon lands which derive no direct, local or special benefit from the making of the improvement, then it is void as being arbitrary, unjust and discriminatory. 130 Ark. 70; 139 *Id.* 574; 142 *Id.* 73. The commissioners have no power to abandon the construction of a part of section No. 1, known as the Crystal Hill Loop road. 145 Ark. 487. Also they are without authority to build any portion of the Perryville road outside the limits of section No. 6. 50 Ark. 116; 133 *Id.* 64; 142 *Id.* 439; *Id.* 509.

*Rose, Hemingway, Cantrell & Lougborough,* for appellee.

The statute conferring power on the commissioners says: It shall be the duty of the commissioners to *con-*

*struct, repair or improve the roads, or parts of roads*
hereinbefore described, by grading, draining and surfac-
ing them in *such manner and with such materials as the
commissioners deem best for the interest of the district,*
etc.   Under the broad powers thus conferred, the commis-
sioners are not required to improve every part of the
entire length of the road in each section, without regard
to the lack of need to make the improvement in some
parts and the lack of economy of improving such parts.

The assessment of benefits follows the plans and can
only be such as will flow from the carrying out of the
plans.   Every part of each section would be benefited
to some extent by the improvements shown on the plans,
and what this extent will be is for the assessors to ascer-
tain, subject to notice to the property owners and hear-
ing, with rights of appeal.   125 Ark. 325.

The act does not attempt to specifically lay out the
exact route of the roads to be improved, but they are
described by name, with the provision that the public
roads are to improved.   The situation is essentially dif-
ferent from that of a district organized under the general
road improvement law, wherein the investigation period
is passed when the district is organized, and the property
owners petition for definite improvements on a fixed
route.   125 Ark. 325; 139 *Id.* 192; *Id.* 524; 147 *Id.* 469;
120 *Id.* 284.

As to the loop road mentioned as part of the Fort
Smith road, the record shows that the commissioners
should refrain from making improvements on this part
of the road, and the Legislature gave them this power.
The act is essentially different from that involved in the
Phillips case, 145 Ark. 487.   As to the small part of the
Perryville road outside of the district, the decisions of
this court are adverse to appellant's contentions.   103
Ark. 67; 125 *Id.* 330; 133 *Id.* 390; 139 *Id.* 524; *Id.* 160.

MCCULLOCH, C. J.   Road Improvement District No.
10 of Pulaski County was created by special statute en-
acted by the General Assembly at the regular session in

the year 1919, and there were subsequent amendments which do not affect the questions involved in the present litigation. Road Acts 1919, p. 1814.

The effect of the statute was to create six (6) subdistricts or sections, numbered, respectively one to six, which were tantamount to six separate districts, all operating under the same board of commissioners and other agencies. The statute was held to be valid by a decision of this court, *Cumnock* v. *Alexander,* 139 Ark. 153. Subdistrict No. 4 was eliminated from the statute by later enactment.

The statute provides, in substance, for the improvement in subdistrict No. 1 of the public road known as the Fort Smith road from a certain point in North Little Rock to the Faulkner County line at Palarm Creek bridge; and also provides for the improvement of a road in the same subdistrict designated as the River Loop road, branching off from the Fort Smith road and running along the established public road through Crystal Hill to a point of junction with the Fort Smith road south of Palarm Creek bridge.

There is a provision for improvement in subdistrict No. 2 of the public road known as the Baucum road, beginning where it intersects the road known as the Galloway pike and running through Baucum and over the bridge at Ashley Bayou to Scott's pike, and thence south and west to the Lonoke County line.

There is provision for improvement in subdistrict No. 3 of the road known as the Pine Bluff road, running out East Ninth Street in Little Rock from Main to Barber, thence south on Barber to the city limits, and thence south though Sweet Home and Wrightsville to the county line.

There is provision for improvement in subdistrict No. 5 of a road designated as the Twelfth Street pike, running out Twelfth Street from Main to the city limits, thence west to Ferndale.

There is provision for improvement in subdistrict No. 6 of a road designated as the Perryville road, run-

ning out Markham Street from Main to Victory, thence south on Victory to Third, thence west past Forest Park, and thence northwesterly to Cross Roads; and there is also provision for improvement in the same subdistrict of a lateral road, running northward from the main road at a certain designated point to Roland.

All of the roads designated were established public highways.

The statute declares that it shall be the duty of the commissioners to "construct, repair or improve the roads or parts of roads hereinbefore described, by grading, draining, and surfacing them in such manner and with such material as the commissioners deem best for the interests of the district, with full power to construct bridges, culverts and all necessary appurtenances of said roads." The commissioners formed plans for the several improvements to the extent of such improvement or repairs as they decided to make, and reported the plans and estimates to the county court, and the same were approved by the court. Certain changes in the routes of established roads were planned, and the county court made such changes in the manner provided by statute.

The present action was instituted in the chancery court by appellant, who is a citizen and owner of real property, to restrain the commissioners from carrying out the plans of improvement, on the alleged ground that the proposed plans constitute departures from the authority contained in the statute. The case was heard below on the pleadings, plans for the improvements, and other record evidence, and on oral testimony, and a decree was rendered dismissing the complaint for want of equity.

The basis of the several attacks on the proceedings of the commissioners are the following features of the proposed plans:

The route of the Fort Smith road is slightly changed in two places, and there is a slight change in the route of the road designated as the Roland lateral of the Perry-

ville road; that is to say, the routes of these roads have been changed by orders of the county court since the enactment of the statute now under consideration, and the plans of the commissioners conform to the changes of routes made by the court; the improvement of the River Loop road in subdistrict No. 1 is eliminated from the plans, and likewise the improvement of that part of the road in subdistrict No. 2 from the intersection with the Baucum road south and west of the Lonoke County line, the improvement of that part of East Ninth Street in subdistrict No. 3, the improvement of that part of Twelfth Street from Gaines to Lewis, in subdistrict No. 5, and the improvement of that part of Markham and Victory Streets in subdistrict No. 6.

The evidence in the case shows that the proposed changes are highly expedient from a standpoint of economy and practicability. The changes in the route of the Fort Smith road were made to eliminate dangerous railroad crossings, on account of which Federal Aid funds for the district would be denied; and the changes in the Roland lateral were made to obviate steep grades. The improving of East Ninth, Markham, Victory and Twelfth Streets was eliminated because they are now paved and in a fair state of repair. The River Loop road is now a good graded country road, running through a sparsely settled, rough territory, and the cost of two high-priced roads in the same territory is not justified, the main Fort Smith road, to be made a hard-surface road, having been selected as a primary road by the State Highway Commission. The road in subdistrict No. 2, running south and west to the Lonoke County line, is a macadam road in good state of repair. The Baucum road is also a macadam road somewhat out of repair, and this part of the road is to be repaired under the proposed plans, and this improvement, when completed, will make the whole of the designated road in that subdistrict a macadam road of the same quality and state of repair,

The proposal to change the routes of certain of the roads is attacked on authority of the previous decisions of this court. *Pritchett* v. *Road Improvement District,* 142 Ark. 511; *Nunes* v. *Coyle,* 148 Ark. 365. Those cases are not in point for two reasons: first, that the changes in route referred to in those cases were substantial, whilst in the present case the changes are comparatively inconsequential and do not lessen the beneficial effects on the contiguous property; and second, in those cases the districts were organized under general statutes on petitions of property owners, wherein the routes of the roads were specified, whereas, in the present instance the statute only designates the established road by name, and the changed routes still fall within the statutory description. We are of the opinion that the changes were not sufficiently material to destroy the identity of the project with the authority given in the statute.

It is next contended that the elimination of certain parts of the roads is unauthorized, and counsel for appellant relies on the decision of this court in *Phillips* v. *Tyronza and St. Francis Road Imp. District,* 145 Ark. 487. We must look to the language of the statute now under consideration, which contains the sole authority of the commissioners, and we find that different from the authority conferred by the statute dealt with in the case cited. There the statute described the road to be improved, including laterals, as a unit, and conferred no discretion concerning the portions to be improved. In the present instance the statute confers discretion on the commissioners either to construct anew or to repair the roads which were duly established highways, and such materials are to be used "as the commissioners deem best." Now this does not require the commissioners to improve roads already sufficiently improved, or to repair roads already in a good state of repair, sufficient for the practical uses of travel. Of course the assessment of benefits will be more or less affected by the extent and cost of the improvements or repairs and the proximity of the

lands to those portions of the roads which are to be improved or repaired, but the statute gives the commissioners authority to exercise discretion as to the character and extent of the improvement. We do not think that the authority conferred by the statute has been exceeded.

There is one other feature of this case which needs only to be briefly mentioned. It is shown that the proposed plans contemplate the improvement of the Perryville road a short distance beyond the limits of the district. The cost of this extension is very little—about one hundred dollars, the evidence shows—and now, since objection is made by a property owner, it is conceded that the extension is unauthorized, and it is to be fairly inferred that the commissioners have abandoned this extension.

Decree affirmed.