THOMPSON v. MANN.

Opinion delivered June 11, 1923.

1. STATUTES—CONSTRUCTION.—The aid of rules of construction is invoked in the interpretation of statutes only when the meaning of a statute is uncertain, and such rules are never allowed to defeat what appears to be the manifest purpose of the law-making body.

2. HIGHWAYS—LIMIT OF EXPENDITURE.—Acts 1923, No. 316, § 9-A, provides that the Baucum road shall not cost District No. 10 of Pulaski County in excess of $330,000, exclusive of interest. Prior to its passage, the district had expended $50,000 on the Baucum road. Held that this amount was included in the $330,000 limit.

3. HIGHWAYS—LEGISLATIVE ASSESSMENT OF BENEFITS—ZONAL SYSTEM. —A legislative adoption of the zone system as the basis of assessment of benefits from a road improvement is not arbitrary where the lands affected are of the same general kind, all being level and arable except certain lands covered by water, which are expressly excepted.

4. HIGHWAYS—PETITION OF PROPERTY OWNERS.—Art. 19, § 27, Constitution, requiring a petition of a majority of the property owners for the creation of an improvement district within a city or town, has no application to a highway improvement a part only of which is within a city.

Appeal from Pulaski Chancery Court; *John E. Martineau,* Chancellor; affirmed.

*Rose, Hemingway, Cantrell & Loughborough,* for appellant.

This is the third appeal involving Road Improvement District No. 10, Pulaski County. The validity of act 436 of Acts of 1919 creating the district was upheld in 139 Ark. 153. At the extra session acts were passed which changed the plans of the improvement, and provided for the improvement in subdistrict 6 of the Perryville road, beginning in the city of Little Rock at Markham and Main streets. The commissioners decided to begin the improvement at Third and Victory streets instead, and it was held that they had the right to do so. 154 Ark. 311. Act 316 of 1923 session authorized the commissioners to make a hard surface to part of Baucum

road, and to extend the Perryville road from Third and Victory streets to Main and Markham streets, the point of beginning designated in first act. Sec. 9-A of the act 316 does not limit the total cost of the improvement for the Baucum road, but only for the work to be done therein under the provisions of the act. 25 R. C. L. 994, statutes, § 238. A different construction would be strained and not warranted. 86 Ark. 368; 91 Ark. 5. The act is presumed to have only a prospective operation, and will not be construed to have a retroactive effect. 116 Ark. 472; 127 Ark. 341; 147 Ark. 24. It is shown that the $250,000 limitation on the cost to rural lands will not be exceeded. The legislative finding of benefits in § 14 of act 316 is not arbitrary. 147 Ark. 87; 140 Ark. 474; 145 Ark. 382. There is no doubt about the Legislature having power to authorize the beginning of the improvement of the Perryville road at Markham and Main streets. 139 Ark. 153; 139 Ark. 277; 139 Ark. 168; 118 Ark. 119; 120 Ark. 282; 130 Ark 507; 137 Ark. 354. The act 347 of Acts of 1923 authorized the Commissioners to review their former decision and to begin the improvement on Perryville road at Markham and Main streets. The portion of the decree enjoining the commissioners from expending $330,000 in improvement of the Baucum road in section 2 of district authorized by act of 1923 should be reversed and the other portions of the decree affirmed, and a decree here dismissing the complaint for want of equity.

Cockrill & Armistead and John W. Newman, for appellee.

Section 9-A of act 316, Acts 1923, is a limitation of the entire cost of the improvement in that part of the district to $330,000, necessarily including the $50,000 already expended therein. Section 9-b of the act is likewise a limitation of the cost to $250,000 against the rural lands in the district for the improvement. The finding of the Legislature that one class of lands in the district would not receive greater benefits than another designat-

ed class was arbitrary. The act authorizing the paving of Victory and Markham streets in the city of Little Rock as part of the Perryville road is void as in conflict with § 27, art. 19, of the Constitution. The fact that this might have been a part of the Perryville road under the first act and before the commissioners decided otherwise can make no difference, said improvement having been made to begin or end at Third and Victory streets. The cases cited by appellant are not in point on this proposition. We insist that, in line with the principles announced in former decisions, the acts in question are unconstitutional and void.

SMITH, J. This is the third appeal involving Road Improvement District No. 10 of Pulaski County. In the case of *Cumnock* v. *Alexander,* 139 Ark. 153, the validity of act No. 436 of the regular 1919 session of the General Assembly creating the district was upheld. At the extra session of the General Assembly acts were passed which changed the plans of the improvement by adding certain roads to be improved and by eliminating one of the subdistricts. The statute as amended provided for the improvement, in subdistrict No. 6, of a road designated as the Perryville road, beginning in the city of Little Rock at Main and Markham streets, and running out Markham Street to Victory Street, thence south on Victory to Third Street, thence west past Forest Park, and thence northwesterly to Cross Roads. The commissioners determined that the portion of the improvement extending from the corner of Main and Markham to Third Street, just described, could be eliminated because those streets could be used as a part of the improvement without repair or other work on the part of the district, and the county court approved the amended plans of the commissioners which excluded those streets from the plans of the improvement. A property owner in the district sought to restrain the commissioners from thus changing the plans, but we upheld their right to do so in

the case of *Crawford* v. *Pulaski Road Improvement District No. 10,* 154 Ark. 311.

The General Assembly of 1923 passed four acts relating to this district, but the construction of only two of them appears to be involved in this litigation, those being acts Nos. 316 and 347.

Act 316 authorizes the commissioners to add a hard surface to that part of the Baucum road in section 2 from its intersection with the Galloway pike to a point about a mile and a half south of Scott Station, and added to the boundaries of the district some land in Lonoke County, and extended the northern boundary of section 2 in Pulaski County about one mile.

This act contained a limitation on the cost of construction, found in section 9A, which reads as follows: "Section 9A. The road provided for in this act shall not be less than 16 feet nor more than 20 feet in width, and shall not cost said district in excess of $330,000, exclusive of interest."

Section 4 of act 316 also contains a legislative finding that the lands in this section of the district which were also situated in the boundaries of the North Little Rock and Galloway Road District would receive no greater benefit per acre than lands in other parts of the district equally distant from the improved road; it also contained a limitation that the entire improvement, together with the interest on the cost, should not cost the rural lands in section 2 more than $250,000.

Act No. 347 provided that the commissioners should have the right to improve Victory Street from Third to Markham, and to improve Markham Street from Victory to Main as a part of the improvement in section 6 of the district, this being a part of the improvement which the commissioners were originally authorized to make, but later abandoned.

Appellee, the plaintiff below, is the owner of lands in both sections 2 and 6 of the district, and he alleged that the commissioners were incurring expenses in the

preparation of plans for the improvement of the Baucum road which would cost exceeding $330,000, the limitation contained in the section of the statute quoted above, and that the limitation of $250,000 on the rural lands found in section 9B of act 316 would also be exceeded.

Plaintiff also attacked as arbitrary the legislative finding of benefits contained in section 4 of act 316, and he also attacked as unauthorized the action of the commissioners in incurring expense in making plans for the improvement of the streets in the city of Little Rock, set out above, asserting that this could be done only upon a petition of a majority in value of the owners of property adjacent thereto.

The answer put in issue all the allegations of the complaint, and the cause was heard on the pleadings and on oral testimony, which is before us in the bill of exceptions made at the trial.

The court dismissed all of the complaint for want of equity, except that portion seeking to restrain the commissioners from incurring expense in making plans for the improvement of the Baucum road, the total cost of which the court found would exceed $330,000. Both parties have appealed.

It appears from the testimony that the commmissioners have sold eighty thousand dollars in bonds for the purpose of obtaining money to improve the Baucum road, and had expended $50,000 of that amount when act 316 was passed. After the passage of that act the engineer of the district changed the plans of that improvement, and admitted, in his testimony, that the improvement contemplated by the changed plans could not be constructed for $330,000 if the $50,000 already expended was included as a part of the cost.

We think the court properly construed section 9A of the act, and that the $330,000 is a limitation on the total cost. It is true that statutes are construed prospectively, but the aid of rules of construction is invoked in the interpretation of statutes only when the meaning of a

statute is uncertain, and rules of construction are never allowed to defeat what appears to be the manifest purpose of the lawmaking body. *Hopper* v. *Fagan*, 151 Ark. 428.

Obviously, the thing of interest to the taxpayer is the cost of the improvement—the total cost thereof. The fifty thousand dollars already expended is a part of the cost which the taxpayer will have to discharge, and the work done with this fifty thousand dollars is a part of the final plans for the improvement, and must be taken into account in ascertaining what the cost of the road will be, because the work done with this fifty thousand dollars will be a part of the road. This fifty thousand dollars worth of work has not been paid for by the property owners, except that bonds have been sold which are liens upon the lands in the district, and their payment lies in the future as the bonds mature, and these liens can be discharged by the property owners only when they have paid the cost of the improvement, and this cost will include the whole amount expended for the construction of the road.

In placing this limitation on cost, the Legislature excluded interest, but excluded interest only, and it follows therefore that the commissioners are without authority to build a road which will cost exceeding $330,000, exclusive of interest.

What we have said is applicable also to the limitation on the cost to the owners of rural property contained in section 9B, but the testimony shows that this limitation will not be exceeded.

The Chief Justice and Mr. Justice HUMPHREYS do not concur in the view that the limitation covers total cost, they being of the opinion that this limitation relates to the sum to be expended after the passage of the act which contains the limitation.

The majority is also of opinion that the legislative finding contained in section 4 of act 316 is not arbitrary. The testimony establishes the fact that the lands af-

fected are of the same general kind, all being level and arable, except certain lands lying in lakes, but the finding of benefits does not apply to the lands covered by water, as they are expressly excepted. This appears to be a case in which the adoption of the zone system as the basis of assessment of benefits is not arbitrary, and, as is pointed out in the brief of counsel for the road district, the obvious reason for the provisions of section 4 is that the Legislature desired security for those landowners whose lands were in both districts that they would not have to pay more than other lands not in both sections and no nearer the road. In other words, the assessment of benefits for the new road must take into account the fact that the existing road affords benefits for which they, no doubt, had already been assessed, which fact must be taken into account in assessing for an additional road, and the General Assembly has, for itself, found and declared a limitation on these betterments; and we think there was no abuse of power in this respect. *Hill* v. *Echols,* 140 Ark. 474; *Hines* v. *Road Improvement Dist. No. 5,* 145 Ark. 382.

Justices WOOD and HART do not concur in this view, it being their opinion that the legislative finding is arbitrary.

The majority is also of opinion that the section of the act authorizing the paving of Victory and Markham streets in the city of Little Rock is valid. The objection to this provision of this statute is that it violates section 27 of article 19 of the Constitution, in that it authorizes the paving of streets in a city without the consent of the property holders owning property adjoining the locality to be affected.

The question which determines the validity of this part of the statute is whether the paving of those streets is properly a part of the proposed improvement, and, if that question is answered in the affirmative, the statute is valid, for we have several times held that the Legislature may create a road district and authorize the

commissioners to improve the road through an incorporated town or city. *Cumnock* v. *Alexander,* 139 Ark. 153; *Summers* v. *Road Imp. Dist.,* 139 Ark. 277; *Reitzammer* v. *Road Imp. Dist.,* 139 Ark. 168; *Cox* v. *Road Imp. Dist.,* 118 Ark. 119; *Nall* v. *Kelley,* 120 Ark. 277; *Bennett* v. *Johnson,* 130 Ark. 507; *Tarvin* v. *Road Imp. Dist.,* 137 Ark. 354. Indeed, in the case of *Cumnock* v. *Alexander, supra,* one of the grounds of attack on the statute was that the commissioners were authorized to improve those streets, and we held the commissioners had the right to do so. The commissioners later determined the improvement could be constructed without the improvement of those streets, and we held that if such was the case the district would not be required to improve them. *Crawford* v. *Pulaski Road Imp. Dist No. 10,* 154 Ark. 311.

Now the Legislature has determined that this part of the improvement should be restored as a part of the Perryville road, and we must assume that there has been a review or a reconsideration of the finding of the commissioners upon which they abandoned this part of the road.

Of course, the Legislature could not authorize the improvement of the streets of a city under the guise of connecting the streets with country road districts, but we do not feel warranted in saying that this is a subterfuge to permit this to be done, but is rather a single improvement of which the city streets mentioned compose a part, and upon that assumption that portion of the act is upheld. Judges WOOD and HART do not agree to the conclusion of the majority on this feature of the case.

The views of the different members of the court result in the affirmance of the decree of the court below in its entirety, and it is so ordered.

McCULLOUGH, C. J., (dissenting in part). Mr. Justice HUMPHREYS and the writer do not agree to that part of the opinion which holds that the sum mentioned in the statute under consideration is a limitation on the total cost of the improvement of the whole road. It is

the purpose of interpretation of a statute to ascertain the meaning of the lawmakers, not by the application of any particular formula, but by an examination of the language of the statute as a whole. *State* v. *Trulock*, 109 Ark. 556.

In enacting the statute under consideration the lawmakers were dealing, not with the whole project as authorized in the original statute creating the district, but with a particular part of the road—that part which is definitely described in the new statute. The statute provides that the particular part of the road which is described shall be paved with hard surface, and it is declared that the road referred to "in this act * * * shall not cost the district in excess of $330,000, exclusive of interest." They meant that part of the road to be paved. This is made perfectly clear when it is considered that the declaration is in the same sentence coupled with another declaration that the road "provided for in this act shall not be less than sixteen feet nor more than twenty feet in width." It cannot reasonably be claimed that the Legislature meant to prescribe the width of the whole road as specified in the original district, for there is no intimation that any change was intended to be made in the whole road, but in dealing with the question of paving with hard surface a portion of the road described, it was deemed advisable to specify the width as well as the maximum cost, and this is all done in one sentence, and it shows clearly that the Legislature meant to prescribe the width and the maximum cost only of that part of the road which was to be paved.