BARTON v. DRAINAGE DISTRICT No. 30.

Opinion delivered May 23, 1927.

1. DRAINS—PROPERTY PARTLY OUTSIDE CITY.—The fact that a portion of the property included in a drainage district was within a city and part of it outside does not render the district invalid.

2. DRAINS—DISTINCTION BETWEEN DRAINS AND SEWERS.—The chief difference between drains and sewers is that they are called "sewers" in cities and closely populated communities, while they are called "drains" in rural and agricultural communities.

3. DRAINS—VALIDITY OF DISTRICT.—A drainage district embracing about 6,500 acres of land, of which 1,000 were within a city, *held* not invalid as being two improvements.

Appeal from Craighead Circuit Court, Jonesboro District; *G. E. Keck,* Judge; affirmed.

*Basil Baker,* for appellant.

*Gordon Frierson* and *Penix & Barrett,* for appellee.

MEHAFFY, J.    A petition was filed in the county court at Jonesboro, by owners of real property, asking for the formation of a drainage district. Certain taxpayers

filed remonstrance, and the circuit court, after a hearing, found that all of the real property included within the proposed district would be greatly enhanced in value and the health of the residents greatly improved, public roads and highways benefited, and it would be to the advantage of the owners of real property to establish the district, and ordered the establishment of the district and the drainage as prayed in the petition.

Certain property owners appealed to this court, and their contention is that the entire scheme is one for purely municipal improvements, or, if not for municipal improvements, there is not any unity in the several projects.

The drainage district embraces about 6,510 acres of land, according to appellant's statement, and to be taxed at $212,975. One thousand and ten acres of the property is city property, divided into approximately 3,500 lots. The appellants earnestly contend that the district cannot be formed lawfully because there is no unity and no authority in law for this kind of proceedings. That this is a scheme to drain the city with a system of storm-sewers, seeking an outlet through the rural property.

We think this question is answered against the contention of appellants in the case of *Butler* v. *Board of Directors Fourche Drainage Dist.,* 99 Ark. 100, 137 S. W. 251. In that case the court said, speaking through Chief Justice McCULLOCH:

"Appellant owns real property in the city of Little Rock, and in an action instituted in the chancery court of Pulaski County he attacked the validity of an act of the General Assembly creating and laying off an improvement district 'for the drainage of certain portions of the Fourche bottoms and contiguous territory.' The boundaries of the district include the whole of the city of Little Rock and several adjoining townships outside of the city. Fourche Bayou, the stream to be drained, lies wholly without the city limits, but the bottom or flooded lowlands extend into the city limits. The statute, as

subsequently amended, authorizes the board of directors of the district to proceed with the making of the improvement, the assessment and collection of taxes, the borrowing of money, etc., without procuring the assent of a majority in value of the owners of real property in the district.''

The court then quotes art. 19, § 27, of the Constitution of Arkansas, and, continuing, the court says:

''The question is now presented to us, for the first time, whether the above-quoted section of the Constitution applies to and forbids the creation of an improvement district lying partly in and partly outside of a city or town without obtaining the consent of the property owners. The Constitution of the State is not a grant or an enumeration of powers vested in the legislative department, but is a limitation upon the exercise of such powers, and the Legislature can exercise all the powers not expressly or by fair implication forbidden by the Constitution. *State* v. *Ashley,* 1 Ark. 511, 513.

''We are of the opinion that the above quoted provision of the Constitution applies only to assessments for improvements purely local to a municipality, and not to local improvements covering wider territory, even though a part or all of the municipality be included therein. An improvement district like this, covering territory both in and out of a municipal corporation, does not fall within either the letter or the spirit of the constitutional provision. It is not a local improvement in a town or city, and therefore not within the letter of the constitutional prohibition. It is not within its spirit, for, there being no inhibition upon the creation of districts outside of cities or towns, there is no reason for construing the provision to mean that the consent of the property owners inside of the city or town must be obtained, whilst the wishes of the property owners in the same district outside of the city or town may be ignored.'' *Butler* v. *Bd. Dir. Fourche Drainage Dist.,* 99 Ark. 100, 137 S. W. 251; *Cox* v. *Road Improvement Dist. No. 8 of*

*Lonoke County,* 118 Ark. 119, 176 S. W. 676; *Cumnock* v. *Alexander,* 139 Ark. 153, 213 S. W. 767; *Thompson* v. *Mann,* 159 Ark. 391, 252 S. W. 4.

"So far as the authority of the Legislature to form a district or to authorize its formation by the circuit court or other agency is concerned, including property both in the city and in the country, is settled by the decision in *Butler* v. *Board of Directors Fourche Drain. Dist.,* above mentioned. The fact that a portion of the property was in the city of Jonesboro and a part of it outside the city does not make the district invalid.

"Appellants, however, argue earnestly that it is invalid because it is two improvements; that there is a distinction between a sewer and a drain or ditch, and, in support of that argument, call attention to Words & Phrases and Ruling Case Law. We do not agree with counsel for appellant in this contention. There may be a distinction between a sewer and a drain or ditch, but there is not necessarily any distinction."

"The section of R. C. L. referred to by appellant, among other things, states: 'The words "drain" and "ditch" have no technical or exact meaning, but are used to signify a hollow space in the ground, either natural or artificial, where water is collected or conveyed away. A drain as distinguished from a sewer may be open and is so arranged as to carry away surface water, but, as used in a statute, the word has been construed as broad enough to include sewers, and the term "sewage" is generally held to include matter carried away in drains as well as that carried away in sewers, though not such matter as may incidentally be washed or cast into streams without the mediation of a sewer or drain. It has been said that the only difference between drains and sewers is that they are called sewers in cities and closely populated communities, while they are called drains in rural and agricultural communities, and the further difference that sewers are generally covered over to prevent the escape and dissemination of foul odors and

noxious gases, and conceal the passage of their contents through the streets, while drains are open. And whatever technical differences there may be in the definitions of the two, the principles applicable to drains and sewers are very similar'.'' 9 R. C. L. 618.

The authorities referred to in Words & Phrases are also in accord with the rule of law above stated. That is, that the chief difference between drains and sewers is that they are called sewers in cities and closely populated communities while they are called drains in rural and agricultural communities. The object of drains, both inside and outside of the city of Jonesboro, in this case is the same.

We do not deem any extended discussion necessary, for the reason that we think the case is ruled by the case of *Butler* v. *Bd. Dir. Fourche Drain. Dist.* above mentioned. We conclude that it is one improvement for the purpose of draining the territory described, and that it is a valid district. It does not violate any constitutional or statutory provision as heretofore construed by this court. The judgment of the circuit court is therefore affirmed.