CURLIN *v.* HARDING DRAIN IMPROVEMENT DISTRICT.

5-58                                            253 S. W. 2d 345

Opinion delivered December 22, 1952.

*Gene Baim,* for appellant.

*A. F. Triplett,* for appellee.

GRIFFIN SMITH, Chief Justice. The constitutional right of rural property owners to form a district for drainage purposes and to include virtually all of the City of Pine Bluff is questioned by the appeal.

Harding Drain Improvement District was created by order of Jefferson county court pursuant to § 21-501, et seq., Arkansas Statutes. An area of approximately 6,400 acres in and out of Pine Bluff is delineated, the city proportion being about 71% of the whole.

The brief writers agree that conditions well-nigh intolerable exist respecting the municipality. A bayou converted into a ditch, known as Harding Drain, extends east-west through most of the urban territory. Originally its outlet was the Arkansas river, but high water stages retard flowage to such an extent that occasionally large sections of the city are flooded by water originating in the upper drain, supplemented by the backsweep from river pressure.

The difficulty was partially overcome when a floodgate was installed near the river supplementing Baxter Ditch—now called the Outlet Canal. This ditch ran from Harding Drain in a southerly direction to empty into Bayou Bartholomew. It is now asserted that the outlet canal—originally designed to carry water the floodgate would not accommodate—has deteriorated and that recurring floods have taken such a heavy property toll and discommoded the urban and interurban districts and normal community life to such an extent that common reason finds concurrence in objectives for which Harding Drain Improvement District was created; and this is said to be true to a greater extent within the city than it is in the rural boundaries upon which precipitation causing most of the headwater occurs.

Many factors enter into the city's necessity for drainage relief, but with these we are not judicially concerned, since the appeal presents a purely legal question. For instance, it is shown that current expenditures of $1,750,000 are being made to rebuild and renovate Pine Bluff's sewage system. There is the contention that the improvements the commissioners of the Harding District are authorized to make are in the nature of companion projects to the sewage disposal undertaking. Factual matters indicating this relationship and details of the drainage project are disclosed by the pleadings.

Estimated cost to the appellee district and the Federal government is close to $600,000. Of this total the contributed portion is more than $300,000. Local coöperation includes the assurance that right-of-ways will be made available. New bridges, where necessary, must

also be provided. Harding Drain must be cleared, an Eighteenth-st. lateral guaranteed, and the government must be held harmless against damage claims arising as an incident to the work. After completion maintenance will be the district's responsibility.

Inequality of assessments is not an issue, nor does the record show a contention that unnecessary work is planned, or that construction will not be prosecuted expeditiously and as prudently as circumstances may warrant. It is therefore unnecessary to enter into a discussion of phases not pertinent to our decision.

Appellants rely upon *Craig* v. *Russellville Waterworks Improvement District,* 84 Ark. 390, 105 S. W. 867. It was there said that those who framed the constitution expressly recognized power of the legislature to authorize assessments in towns and cities affecting realty, "But," says the opinion, in quoting from Mr. Justice Riddick (*Crane* v. *Siloam Springs,* 67 Ark. 30, 55 S. W. 955), "[the constitution limits such assessments] to local improvements, and requires that they should be made only on property adjoining the locality affected, and based upon the consent of a majority in value of the owners of such property. . . ."

Reversal of the instant case, say appellants, is required by the admitted fact that most of Pine Bluff is within the drainage area, and consent of a majority in value of urban proprietors was not obtained.

We have concluded that *Butler* v. *Board of Directors of Fourche Drainage District,* 99 Ark. 100, 137 S. W. 251, is authority for upholding formation of the district. Craig's suit against Russellville was commented upon in the opinion written by Chief Justice McCulloch; but Butler's case contains a statement that Art. 19, § 27, of the Constitution, applies only to assessments made for purely local improvements within a municipality,—"and not to local improvements covering wider territory, even though a part or all of the municipality be included therein."

Succinctly, the holding is that an improvement district such as the one with which we are dealing, cover-

ing both city and rural property, does not fall within the letter or the spirit of the constitutional provision appellants would invoke.

If the complaining parties had shown that rural property insignificant in area or so grossly disproportionate in value as to suggest fraud, had been included in the district without the consent mentioned in Art. 19, § 27, a different principle would apply.

Affirmed. This appeal having been advanced in the public interest, an immediate mandate should issue.